

CHARLES G. KINNEY, ESQ. (66428)
5826 Presley Way
Oakland, CA 94618
(510) 654-5133
FAX (510) 594-0883
charleskinney@hotmail.com

Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

CHARLES KINNEY,                )
                               )    Case No.: C 13  1396
        Plaintiff,             )
                               )
    vs.                        )
                               )    COMPLAINT FOR:
STATE BAR OF CALIFORINA,       )    1. Title 42 U.S.C. Sec. 1983
CITY OF LOS ANGELES,           )    2. Title 42 U.S.C. Sec. 1985
CALIFORNIA SUPERIOR COURT      )
JUDGE LUIS A. LAVIN,           )    JURY TRIAL DEMANDED
CALIFORNIA COURT OF APPEAL     )
JUSTICE ROGER W. BOREN,        )    Next Administrative Action
And DOES 1 to 20,              )    by STATE BAR will be on 4/2/13
                               )
        Defendants.            )
_____)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

    COMES NOW Plaintiff CHARLES KINNEY ("KINNEY" or "Plaintiff") to

complain against the defendants herein as follows:

                JURISDICTION AND VENUE

   1. Jurisdiction of this Court over the subject matter of this

action is predicated on 28 U.S.C. Sec. 1331 in that Plaintiff's

claims arise from violations of rights guaranteed to him under the

First (e.g. freedom of speech; redress of grievances), Fifth (e.g.

1   due process), and Fourteenth (e.g. due process; equal protection)
2   Amendments of the United States Constitution and the laws of the
3   United States.
4
5   2. Jurisdiction is also predicated on 28 U.S.C. Sec. 1343(a)(1),
6   (2), (3) and (4) which provides that the district courts shall have
7   original jurisdiction of any civil action authorized by law to be
8   commenced by any person to "redress the deprivation under color of
9   any State law, statute, etc. of any right, privilege or immunity"; to
10  "recover damages for injury to his person or property because of the
11  deprivation of any right or privilege of a citizen of the United
12  States"; and/or to "recover damages or secure equitable relief".

13  3. This Court also has supplemental jurisdiction over state claims
14  asserted herein in that they are so related to the claims within this
15  Court's original jurisdiction that they form part of the same case or
16  controversy (see Article III of the United States Constitution).

17  4. Venue in this district is proper pursuant to 28 U.S.C. Sec.
18  1391(b) in that at least one of the defendants either resides or has
19  its principal place of business in the City and County of San
20  Francisco. Also, a substantial part of the events giving rise to the
21  claims occurred and/or are occurring in the City and County of San
22  Francisco, State of California; and personal property of Plaintiff
23  has been taken away and/or is subject to being taken away by
24  administrative processes in the City and County of San Francisco.

25                    PARTIES

26  5. Plaintiff is an individual who resides in the State of
27  California in at least two different counties, Alameda County and
28  Orange County; he has been licensed by defendant STATE BAR OF

1  CALIFORINA as an attorney from 1975 to the present; and the address
2  for his sole-practitioner law practice is in Alameda County.

3  6. Defendant STATE BAR OF CALIFORNIA ("STATE BAR") is a "public
4  corporation within the judicial branch of government" (as stated on
5  the STATE BAR's website, but it cannot be found on the Secretary of
6  State's website) organized and operating in the State of California
7  as an administrative "arm of the California Supreme Court" with its
8  principal place of business in the City and County of San Francisco;
9  is the mandatory licensing agency for California attorneys such as
10  Plaintiff and is currently attempting to disbar Plaintiff from the
11  practice of law via a premature administrative action (e.g. by
12  deciding to calendar Plaintiff's disbarment proceedings on April 2-5,
13  2013) based on order(s) and/or opinion(s) allegedly issued under
14  California Code of Civil Procedure ("CCP") Sec. 391 et seq., some of
15  which are not final because of pending federal and state appeals
16  and/or some of which are void due to the lack of personal and/or
17  subject matter jurisdiction over Plaintiff when the order(s) and/or
18  opinion(s) were signed.  The upcoming STATE BAR process is premature
19  and prejudicial, and being done without a rational basis, especially
20  since: (a) Plaintiff and his client(s) are "whistleblowers" regarding
21  CITY's refusal to unblock public streets and/or the government's
22  refusal to comply with their own rules; and (b) the persons
23  complaining to the STATE BAR are themselves the "wrongdoers" who are
24  benefiting from their own violations of the law.  Thus, the STATE
25  BAR's disbarment proceedings should be delayed until all appeals
26  regarding Plaintiff, his client(s), and these issues are concluded.
27  Younger v. Colo. State Board of Bar Exam'rs, 482 F.Supp. 1244, 1246-

Complaint                          3

1247 (D.Colo. 1980); <u>Younger v. Colo. State Board of Bar Exam'rs</u>, 625 F.2d 372, 375-376 (10th Cir. 1980) ["constitutional attack on state's general rules and regulations" allowed]; 28 U.S.C. Secs. 2201-2202.

7. Defendant CITY OF LOS ANGELES ("CITY") is a local public entity in the State of California operating as a municipality who is allowing certain private citizens exclusive use and/or control of parts of the public street from 1991 to the present, to the exclusion of other citizens who have a right to use the public street, even after issuing notices to abate the nuisances to some of the private citizens on Nov. 22, 2006. One of the CITY's notices to abate in 2006 was issued to a high-level CITY employee, Carolyn Cooper, who has complained to the STATE BAR about Plaintiff and one of his clients, Kempton, even though Ms. Cooper has not yet removed her own obstructions caused by her fence and trees on the public street.

8. Defendant CALIFORNIA SUPERIOR COURT JUDGE LUIS A. LAVIN ("JUDGE") is an individual sitting as a Superior Court Judge in the County of Los Angeles, who signed order(s) utilizing CCP Sec. 391 et seq. against Plaintiff even though Plaintiff was not a party to the underlying case at the time (e.g. signed a Nov. 19, 2008 CCP Sec. 391 order even though Plaintiff was not a party after Nov. 7, 2008).

9. Defendant CALIFORNIA COURT OF APPEAL JUSTICE ROGER W. BOREN ("JUSTICE") is an individual sitting as a Court of Appeal Justice in the Second Appellate District in the County of Los Angeles, who signed order(s) and/or opinion(s), either alone or with other justices, utilizing CCP Sec. 391 et seq. against Plaintiff even though Plaintiff was not a party to the underlying case, and/or denying Plaintiff's right to proceed with his appeal.

Complaint                                            4

to an appellate process which the State has chosen to provide requires close judicial scrutiny.   Griffin v. Illinois, 351 U.S. 12 (1956).   An appeal cannot be granted to some litigants and capriciously or arbitrarily denied to others (such as Plaintiff, either as an attorney representing a client, or as a non-party who suffered a penalty as if he was a party) without violating the Equal Protection Clause.   Smith v. Bennett, 365 U.S. 708 (1961). Here, JUSTICE acting alone denied all appeal rights to Plaintiff when Plaintiff tried to appeal the order(s) of JUDGE who acted without jurisdiction because of the Nov. 7, 2008 dismissal.

16. The above order(s) and/or opinion(s) were issued at a time when there was no personal and/or subject matter jurisdiction over Plaintiff as a party in the subject court(s) under CCP Sec. 391 et seq.   Law Offices of Andrew L. Ellis v. Yang (2009) 178 Cal.App.4th 869, 875-882 [right to dismiss before trial; no determination on merits; all subsequent orders void].   At those time(s), Plaintiff was only the attorney for a party and not subject to CCP Sec. 391 et seq.

17. Plaintiff has been and will continue to be adversely impacted during the time the above order(s) and/or opinion(s) were allegedly in force and/or as long as this unconstitutional condition has existed and/or continues to exist.   The issues involved with the above order(s) and/or opinion(s) are subject to pending appeals in federal court (e.g. US Supreme Court No. 12-8976; Ninth Circuit Court of Appeal No. 13-55126; and Ninth Circuit Court of Appeal BAP No. CC-13-1111) and state court (e.g. California Supreme Court), wherein some of the federal and state claims will be decided.   The STATE BAR's disbarment proceeding, going forward on April 2-5, 2005 (which

1  was based on an **administrative** decision) presents "extraordinary
2  circumstances" including bad faith (e.g. sanctions without
3  jurisdiction under CCP Sec. 391), harassment (e.g. refusal to allow
4  any appeal, while acting alone), and a patently unconstitutional
5  application of state statutes to the benefit of the "wrongdoers"
6  (e.g. CCP Sec. 391 et seq; Vehicle Code Sec. 21101.6; Civil Code Sec.
7  3479). Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457
8  U.S. 423, 432-437 (1982); Younger v. Harris, 401 U.S. 37, 45-54
9  (1971). If the STATE BAR matter goes forward as scheduled on April
10  2-5, 2013, there will be no adequate opportunity to litigate federal
11  claims in the STATE BAR proceedings since those claims will be also
12  decided in other forum(s) because of the pending appeals (which could
13  make for inconsistent results, to the detriment of Plaintiff). As
14  such, the **administrative** action by the STATE BAR to disbar Plaintiff
15  by conducting a trial on April 2-5, 2013 is **premature and should be**
16  **delayed** (i.e. temporarily stayed) until the conclusion of all pending
17  appeals. Canatella v. State of California, 404 F.3d 1106, 1109-1112
18  (9th Cir. 2005).

19  18. Plaintiff has suffered and will continue to suffer irreparable
20  harm because he will be unable to recover damages; has been unable to
21  receive fair treatment by the courts for himself or his clients;
22  and/or will be unable to practice of his profession because of
23  pending, potential disbarment by the STATE BAR and/or because he has
24  been and is being denied full, fair and impartial access to the
25  appellate courts given the above order(s) and/or opinion(s).

26  19. CCP Sec. 391 et seq. is not applicable to a person who is not a
27  plaintiff "in propria persona", such as Plaintiff. Mahdavi v.
28

Complaint                                  8

Superior Court (2008) 166 Cal.App.4th 32, 37-42 [vexatious litigant statute never intended to apply to one who is a non-plaintiff; an appeal of an adverse ruling is not "new" litigation or "maintaining" litigation; the statute does not apply to one who is trying to "undo" a prior order and seeks to defend himself]; Shalant v. Giradi (2011) 51 Cal.4th 1164, 1168-1176 ["final" determination; "separate hearing"; defines "litigation"; "other procedural step" excluded].

20. CCP Sec. 391 et seq. is not applicable to an attorney representing a client in a civil case, whether the client is a plaintiff or appellant. Flores v. Georgeson (2011) 191 Cal.App.4th 881, 885-888 [only applies "while not represented by an attorney"].

21. When Plaintiff dismissed himself in the state civil action noted above as Kempton v. Clark on Nov. 7, 2008, the court lost all personal and subject matter jurisdiction over Plaintiff under CCP Sec. 391 et seq.; likewise, if Plaintiff was never a party to the state civil action noted above as Kempton v. City of Los Angeles, the court never had personal and subject matter jurisdiction over Plaintiff in 2011 under CCP Sec. 391 et seq. so as to issue In re Kinney. Airlines Reporting Corp. v. Renda (2009) 177 Cal.App.4th 14, 19-21 [jurisdiction over parties is "'fundamental jurisdiction'"; "a judgment rendered in the absence of fundamental jurisdiction is simply a nullity"; limitation periods do "not apply to challenges based on lack of personal jurisdiction"; "It neither binds nor bars any one"]; Gogri v. Jack in the Box Inc. (2008) 166 Cal.App.4th 255, 261-268 ["court would thereafter lack jurisdiction to enter further orders in the dismissed action"; "dismissal deprives the court of both subject matter and personal jurisdiction].

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22. Any order made under CCP Sec. 391 et seq. by JUDGE or JUSTICE is not made on the merits of the underlying action.  CCP Sec. 391.2 [any decision not on "the merits"].

23. Plaintiff was a plaintiff and an appellant in a successful appeal in Kempton v. City of Los Angeles (2008) 165 Cal.App.4th 1344, 1347-1350 (Los Angeles County Superior Court Case No. BC363837; Court of Appeal, Second Appellate District, Case No. B201128) which held that obstructing a street was a "public nuisance per se", and that the public street included the roadway, curb, and sidewalk areas. However, the "public nuisance per se" caused by the fences and/or trees of Ms. Cooper and others still exists.  Rather than require the removal of the "public nuisance per se", the CITY through its attorneys (e.g. Peter Langsfeld) is actively preventing the removal of these obstructions and providing resources to the benefit of the "wrongdoers" (i.e. Ms. Cooper and others).  Likewise, the STATE BAR is actively assisting the "wrongdoers" (i.e. Ms. Cooper and others) by proceeding with the disbarment hearing before all of the appeals are concluded, even though the STATE BAR's paramount purpose is to protect the public (e.g. protect the public from CITY's attorney(s) who actively prevent the removal of a "public nuisance per se").

24. California Civil Code Sec. 3479 prohibits the obstruction of a public street; that law applies to the public streets in CITY.

25. California Vehicle Code Sec. 21101.6 prohibits any devices which grant certain private persons use of part of a public street while denying other persons any use of that same part; that law applies to the public streets in CITY.

26. All lower courts must follow published opinions.  <u>Beckstead v.</u>
<u>International Industries, Inc.</u> (1982) 127 Cal.App.3d 927, 934 [must
follow published opinions; give "res judicata effect"]; <u>Auto Equity</u>
<u>Sales, Inc. v. Superior Court</u> (1962) 57 Cal.2d 450, 453-459
[published opinions binding on all courts including the State Bar
Court].  However, since 2008, no lower court has followed <u>Kempton v.</u>
<u>City of Los Angeles</u> (2008) 165 Cal.App.4th 1344, but instead most
courts have punished Plaintiff and/or his client Kempton, who are the
"whistleblowers" and who have done nothing wrong.  The California
Attorney General has refused to get involved to protect the public's
right to the street, even after many requests by Plaintiff.

27. In 2008, 2009 and 2010, a single justice of the state appellate
court could not render a determination of whether an appeal has merit
and has been filed for purposes of harassment or delay, regardless of
whether the appellant had been designated as a vexatious litigant
under CCP Sec. 391 et seq. by a valid order or not.  In July 2011,
CCP Sec. 391.7 was amended to add the term "justice" along with the
existing term "judge" as to who could make a determination under CCP
Sec. 391 et seq.  Here, JUSTICE made several decisions in 2009,
acting alone, which denied all appeal rights of Plaintiff and his
client Kempton with respect to order(s) based on CCP Sec. 391.

28. Two qualified justices are necessary to render a decision on
the merits in the state Court of Appeal, which must be in writing;
one justice acting alone cannot render any decision.  California
Constitution, Article VI, Secs. 3, 7, and 14; <u>People v. Castellano</u>
(1978) 79 Cal.App.3d 844, 862.

29. Plaintiff contends that CCP Sec. 391 et seq. is being applied as a penalty for raising legitimate grievances concerning the discrimination in, administration of, and/or operation of: (a) the Superior Court of California, Los Angeles County; (b) the Court of Appeal, Second Appellate District; (c) the City of Los Angeles (i.e. CITY), especially as to allowing exclusive use of public streets by certain private citizens, one of whom is a high-level CITY employee; and (d) the STATE BAR, especially as to an **administrative** decision to proceed with a disbarment hearing on April 2, 2013 as to Plaintiff and one of his clients, Kempton, based on void order(s) and/or opinion(s) **before** all relevant appeals filed on behalf of Plaintiff and/or his clients have been concluded, including appeals pending before the United States Supreme Court, the Ninth Circuit Court of Appeal, and the California Supreme Court.

### FIRST CAUSE OF ACTION (42 USC Sec. 1983, against all)

30. Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 29 above.

31. There is neither a rational basis for, nor a compelling state interest in, an **administrative** process which accelerates a disbarment hearing to punish an attorney who is not a party but represents client(s) under CCP Sec. 391 et seq. **before** all pending appeal(s) in federal and state courts regarding the disputed issues are concluded.

32. There is neither a rational basis for, nor a compelling state interest in, an **administrative** process to schedule a disbarment hearing to punish an attorney who is not a party but represents client(s) under CCP Sec. 391 et seq., and to punish his client who happens to be an attorney, **since** those sections can only be used

against a plaintiff or appellant who is not represented by an attorney.

33. There is neither a rational basis for, nor a compelling state interest in, to **deny** due process and equal protection rights to an attorney who is not a party but represents client(s) under CCP Sec. 391 et seq. since those sections can only be used against a plaintiff or appellant who is not represented by an attorney.

34. There is neither a rational basis for, nor a compelling state interest in, allowing some citizens unrestricted access to parts of public streets, and denying the same rights to other citizens, since that is contrary to California Vehicle Code Sec. 21101.6 and Civil Code Sec. 3479, which Plaintiff and his client(s) have attempted to remedy as "whistleblowers", especially since "protection of the public" shall be the highest priority of the STATE BAR and shall be **"paramount"** compared with all other interests. California Business and Professions Code Sec. 6001.1. Here, the STATE BAR is trying to punish the whistleblowers based on a complaint from a wrongdoer (e.g. Ms. Cooper). Here, the STATE BAR is intentionally or negligently assisting the wrongdoer (and not punishing the deputy CITY attorney who is ignoring the law to the benefit of that wrongdoer), all to the clear detriment of the public.

35. Plaintiff has been denied and is being denied due process and equal protection on a continuing basis because of the "win" due to Kempton v. City of Los Angeles (2008) 165 Cal.App.4th 1344 for which the defendants, and each of them, have retaliated against and/or blackballed Plaintiff by issuing order(s) and/or opinion(s) and/or initiating **administrative** procedures at the STATE BAR as noted herein

against Plaintiff, all without requiring the removal of the "public nuisance per se" caused by fence(s) obstructing part(s) of the public street; without recognizing the lack of personal and/or subject matter jurisdiction over Plaintiff as a party under CCP Sec. 391 et seq. when he was not a plaintiff or appellant in propria persona in the action(s); and/or without allowing for the conclusion of pending appeal(s) regarding these important public issues.

36. Plaintiff has been and is being deprived of fair access, equal protection, and due process by application of CCP Sec. 391 et seq. in the first instance by the state appellate court without the required due process motion and/or evidentiary hearing in the trial court or appellate court when Plaintiff was not a party; and/or in the first instance by the state trial court when Plaintiff was not a party when the order(s) was signed under CCP Sec. 391.

37. Plaintiff has been and is being denied his constitutional rights under the First Amendment of the United States Constitution by conduct including but not limited to:

a. Suffering penalties for grievances resulting from the improper application of CCP Sec. 391 et seq. to an attorney, Plaintiff, who is not a party including the pending penalty of disbarment of his right to practice law by way of a flawed and/or discriminatory administrative process occurring prior to the conclusion of pending appeals;

b. Suffering penalties and deprivation of property for seeking redress for grievances and asserting rights of free speech and the freedom of association (e.g. selecting one's own counsel; posting or paying security due to improper CCP Sec. 391 prefiling orders); and

c. Suffering penalties for seeking appellate review of void order(s); order(s) which did not follow due process and/or did not follow published opinions; and/or order(s) issued without personal and/or subject matter jurisdiction over Plaintiff under CCP Sec. 391 et seq.

38. Plaintiff has been and is being denied his constitutional rights under the Fifth Amendment of the United States Constitution by conduct including but not limited to:

a. Being subjected to the loss of the right to practice law due to flawed and/or discriminatory administrative proceedings against Plaintiff now occurring before the STATE BAR based on the order(s) and/or opinion(s) noted herein against Plaintiff even though Plaintiff was not a plaintiff or appellant in the subject proceeding(s) and/or even though there are pending appeals regarding these issues;

b. Being deprived of property to pay for security under CCP Sec. 391 et seq. even though Plaintiff was not a plaintiff or appellant in the subject proceeding(s);

c. Being denied due process by the enforcement of CCP Sec. 391 et seq. against Plaintiff even though Plaintiff was not a plaintiff or appellant in the subject proceeding(s);

d. Being denied access to the courts, including the state appellate courts, due to the order(s) and/or opinion(s) noted herein under CCP Sec. 391 et seq. against Plaintiff even though Plaintiff was not a plaintiff or appellant in the subject proceeding(s); and

e. By not affording due process according to express statutory, constitutional, or common law authority in the State of California.

39. Plaintiff has been and is being denied his constitutional rights under the Fourteenth Amendment of the United States Constitution by conduct including but not limited to:

a. Being denied due process and equal protection by being subject to the loss of the right to practice law due to flawed and/or discriminatory administrative proceedings against Plaintiff now occurring before the STATE BAR based on the order(s) and/or opinion(s) noted herein against Plaintiff even though Plaintiff was not a plaintiff or appellant in the subject proceeding(s) and/or even though there are pending appeals regarding these issues;

b. Being denied due process and equal protection by the enforcement of CCP Sec. 391 et seq. against Plaintiff even though Plaintiff was not a plaintiff or appellant in the subject proceeding(s);

c. Being denied due process and equal protection by way of unrestricted access to the courts, including the state appellate courts, due to the order(s) and/or opinion(s) noted herein under CCP Sec. 391 et seq. against Plaintiff even though Plaintiff was not a plaintiff or appellant in the subject proceeding(s); and

d. By not affording due process and equal protection according to express statutory, constitutional, or common law authority in the State of California.

40. As applied, the order(s) and/or opinion(s) noted herein under CCP Sec. 391 et seq. cause Plaintiff and those similarly situated including client(s) of Plaintiff to be subjected to deprivations of rights, privileges, and immunities secured to them by the Constitution and laws of the United States.

41. The statutory provisions under the above California statutes including CCP Sec. 391 et seq. as applied adversely to Plaintiff constitute a deprivation of rights actionable under 42 U.S.C. Sec. 1983.

42. As a direct and proximate result of the conduct of defendants and each of them, Plaintiff has been injured and will continue to suffer injuries and damages and thus requests declaratory and injunctive relief, including a temporary restraining order against the STATE BAR for the pending **administrative** process which has now scheduled a disbarment hearing on April 2-5, 2013 as to Plaintiff, as allowed by 28 U.S.C. Secs. 2201-2202.  STATE BAR proceedings against Plaintiff and his client should be temporarily stayed (i.e. **delayed**) until all appeals are concluded.  Younger v. Colo. State Bd. Of Bar Exam'rs, supra, 482 F.Supp. at 1246.

### SECOND CAUSE OF ACTION (42 USC Sec. 1985, against all)

43. Plaintiff refers to and incorporates, as though set forth herein in full, paragraphs 1 to 42 above.

44. As a direct and proximate result of the conduct of defendants acting in concert as part of a conspiracy, Plaintiff has been and will continue to be denied due process, equal protection, and rights and/or privileges under the law.

45. As a direct and proximate result of the conduct of defendants acting in concert as part of a conspiracy, Plaintiff has suffered and will continue to suffer damages including economic and compensatory, and non-economic, in an amount according to proof.

46. The statutory provisions under the above California statutes including CCP Sec. 391 et seq. as applied adversely to Plaintiff by

the defendants acting in concert as a conspiracy to deny due process and equal protection to Plaintiff, and to deprive Plaintiff of rights and privileges under the law, constitute a claim actionable under 42 U.S.C. Sec. 1985.

47. Plaintiff seeks declaratory and injunctive relief against defendants, including a temporary restraining order against the STATE BAR for the pending administrative process which has scheduled a disbarment hearing for April 2-5, 2013 in San Francisco against Plaintiff and his client, as allowed by 28 U.S.C. Secs. 2201-2202. The STATE BAR proceedings should be temporarily stayed (i.e. delayed) until all federal and state court appeals are concluded. Younger v. Colo. State Bd. Of Bar Exam'rs, supra, 482 F.Supp. at 1246.

## DEMAND FOR JURY TRIAL

48. Plaintiff hereby demands a jury trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general and special damages according to proof;

2. For a declaration of rights, duties, and obligations regarding the issues above;

3. For interest if allowed by contract or law;

4. For temporary and/or permanent declaratory, injunctive relief, and equitable relief;

5. For costs of suit herein incurred; and

6. For other and further relief as this Court may deem proper.

Dated: _____3/27_____, 2013        s/ _____
                                    Charles G. Kinney, Esq.

1

## VERIFICATION

2

I, the undersigned, declare:

3

That I am the Plaintiff in foregoing action; that I have read

4

the foregoing document entitled COMPLAINT, and know the contents

5

thereof; that the same is true of my own knowledge, except as to

6

those matters set forth upon my information and belief, and as to

7

such matters that I believe it to be true.

8

I declare under penalty of perjury under the laws of the State

9

of California that the foregoing is true and correct and that it was

10

executed on March 27, 2013, at Oakland, California.

11

12
          s/
          Charles Kinney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint                                    19