IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants. / | No. C-13-1396 MMC<br><br>**ORDER GRANTING STATE BAR OF CALIFORNIA'S MOTION TO DISMISS; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND TO ADD DEFENDANTS; VACATING HEARING** |

Before the Court is the Motion to Dismiss, filed April 18, 2013, by defendant State Bar of California ("the State Bar"). Plaintiff Charles Kinney ("Kinney") has filed opposition, to which the State Bar has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for June 14, 2013, and rules as follows.

In his complaint, Kinney alleges the State Bar has violated 42 U.S.C. § 1983 by instituting disbarment proceedings against him in a manner, he alleges, that violates his First and Fifth Amendment rights, and has violated 42 U.S.C. § 1985 by conspiring to do so

---

[1] Kinney failed to provide the Court with a chambers copy of his opposition. Nonetheless, the Court has considered it. For future reference, Kinney is reminded that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

with other defendants.[2] In its motion, the State Bar argues it is immune from suit under the Eleventh Amendment. The Court agrees.

The Eleventh Amendment bars suits against state agencies regardless of the relief sought. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). The State Bar is a state agency for purposes of the Eleventh Amendment. See Hirsh v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995) (affirming dismissal of § 1983 claims against State Bar on Eleventh Amendment grounds); see also Konig v. State Bar of California, 256 Fed. Appx. 900 (9th Cir. 2007) (affirming order dismissing "all causes of action against the State Bar . . . based on Eleventh Amendment immunity").

Accordingly, the State Bar's motion to dismiss is hereby GRANTED, and Kinney's claims against the State Bar are hereby DISMISSED without leave to amend.

Lastly, to the extent Kinney requests in his opposition that he be afforded leave to amend to add seven additional named defendants, consisting of five "State Bar Attorneys" and two "'persons' at the City of Los Angeles" (see Pl.'s Opp. at 4:12-22, 5:8-9), Kinney's request is hereby DENIED as procedurally improper; any such request must be submitted by motion and noticed for hearing in conformity with the Local Rules of this District. See Civil L.R. 7-2 (setting forth requirements for noticed motions); see also Civil L.R. 10-1 (requiring proposed amended complaint be submitted with motion to amend).

**IT IS SO ORDERED.**

Dated:  May 9, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] To date, no defendant other than the State Bar has appeared.