IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY, | No. C-13-1396 MMC |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION TO CLARIFY; VACATING AUGUST 16, 2013 HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |
| v. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

Before the Court is plaintiff Charles Kinney's ("Kinney") "Motion to Clarify May 9, 2013 Order," filed June 21, 2013.[1] Defendant State Bar of California ("the State Bar") has filed a response. Having read and considered the papers filed in support of and in response to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 16, 2013, and rules as follows.

On March 28, 2013, Kinney filed the instant action, naming in his complaint four defendants, specifically, the State Bar, the City of Los Angeles, California Superior Court Judge Luis A. Lavin, and California Court of Appeal Justice Roger W. Boren. On April 18, 2013, the State Bar filed a motion to dismiss the claims against it. In its order of May 9,

---

[1] Kinney failed to provide the Court with a chambers copy of his motion  Nonetheless, the Court has considered it. For future reference, Kinney is reminded that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

1  2013, the Court granted the State Bar's motion to dismiss, finding the Eleventh Amendment
2  barred all of Kinney's claims against the State Bar.  In accordance therewith, the Court
3  ruled as follows: "[T]he State Bar's motion to dismiss is hereby GRANTED, and Kinney's
4  claims against the State Bar are hereby DISMISSED without leave to amend."  (See Order,
5  filed May 9, 2013, at 2:11-12.)[2]

6  By the instant motion, Kinney seeks "clarification" of the Court's May 9, 2013 order,
7  specifically, whether "this entire case may have been dismissed."  (See Pl.'s Mot. at 2:12-
8  20.)

9  The Court finds the May 9, 2013 order is clear on its face and that no clarification is
10 necessary.  Nonetheless, to the extent any confusion on Kinney's part may exist, Kinney is
11 hereby advised that the May 9, 2013 order dismissed Kinney's claims against the State Bar
12 and did not address Kinney's claims against the other three defendants named in the
13 complaint.  Consequently, the complaint remains pending against the defendants other
14 than the State Bar.

15 Lastly, because none of the remaining defendants has appeared and the record
16 includes no indication that Kinney has served them with the summons and complaint,[3] the
17 Case Management Conference is hereby CONTINUED from July 12, 2013 to September
18 20, 2013.  A Joint Case Management Statement shall be filed no later than September 13,
19 2013.

20 **IT IS SO ORDERED.**

22 Dated: July 3, 2013

_____
MAXINE M. CHESNEY
United States District Judge

---

26 [2]Additionally, in said order, the Court denied as procedurally improper Kinney's request to amend his complaint to add seven new defendants.

28 [3]Because the complaint was filed on March 28, 2013, the 120-deadline for Kinney to serve defendants is July 26, 2013.  See Fed. R. Civ. P. 4(m).

2