IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES KINNEY,

    Plaintiff,

  v.

STATE BAR OF CALIFORNIA, et al.,

    Defendants.
　　　　　　　　　　　　　　　　　/

No. C-13-1396 MMC

**ORDER GRANTING IN PART AND DENYING IN PART CITY OF LOS ANGELES' MOTION TO DISMISS AND STRIKE AMENDED COMPLAINT**

    Before the Court is defendant City of Los Angeles' ("the City") Motion, filed November 7, 2013, "to Dismiss and Strike the Amended Complaint." Plaintiff Charles Kinney has filed opposition, to which the City has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

    In his Amended Complaint ("AC"), plaintiff alleges that, in 2005, he and "Kempton" purchased residential property in the City, which property "abuts two public streets[,] Cedar Lodge Terrace and Fernwood." (See AC ¶ 13). According to plaintiff, his neighbor "to the west" is Carolyn Cooper ("Cooper"), a "high-level" City employee (see AC ¶¶ 6, 13), and his neighbors "to the north" are Jeff and Judy Harris (collectively, the "Harrises") (see AC ¶ 13). Plaintiff alleges that, over his "objections," the City is "allowing" Cooper, the Harrises

---

[1] By order filed December 13, 2013, the Court took the matter under submission.

and "others" to place "fences and trees" on "parts of the public streets Cedar Lodge Terrace and Fernwood. (See AC ¶¶ 16, 18(a).)

Plaintiff, who is an attorney, also alleges that he filed in state court a lawsuit against the City challenging the "nuisances [that] existed on public property including the 'sidewalk area' of the public street Cedar Lodge Terrace." (See AC ¶ 15.) Plaintiff further alleges that, in connection with the above-referenced lawsuit and/or other litigation, state courts erroneously found plaintiff to be a vexatious litigant (see AC ¶¶ 8, 9, 28). Thereafter, according to plaintiff, Cooper filed a "complaint" against him with the State Bar (see AC ¶¶ 21, 24), and the State Bar, after conducting a trial in May 2013, recommended plaintiff be suspended from the practice of law for three years based on, inter alia, Cooper's testimony (see AC ¶¶ 24, 25).

Based on the above allegations, plaintiff asserts two causes of action. In the First Cause of Action, alleging violations of 42 U.S.C. § 1983, plaintiff asserts the City has violated his Fifth and Fourteenth Amendment rights by depriving him of due process and equal protection, based on the City's failure to remove the challenged fences and trees (see AC ¶¶ 56-57), and has deprived him of his First Amendment rights by causing him to "suffer[ ] penalties and deprivation of property for seeking grievances" (see AC ¶ 55(b)). In the Second Cause of Action, alleging violations of 42 U.S.C. § 1985, plaintiff asserts the City, through its employees, and "others" have conspired to deprive plaintiff of the federal rights alleged in his First Cause of Action. (See AC ¶ 62.)

## DISCUSSION

As to all of plaintiff's claims, the City seeks dismissal on the grounds that (1) the claims are generalized grievances concerning government action, and, consequently, plaintiff lacks standing, and (2) the claims are barred by the doctrine of res judicata.

**A. Due Process/Equal Protection Claims**

Each of plaintiff's causes of actions is based, in part, on claims that he has been deprived of due process and equal protection by reason of the City's failure to require certain of plaintiff's neighbors to remove fences and trees located on land owned by the

2

City.  The City argues plaintiff lacks standing to challenge the City's failure to require the removal of the subject fences and trees.  The Court agrees.

"A litigant raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy."  Hollingsworth v. Perry, 133 S. Ct. 2652, 2662 (2013) (internal quotation and citation omitted).  Put another way, a plaintiff "ha[s] no standing to complain simply that [his] Government is violating the law."  See Allen v. Wright, 468 U.S. 737, 755 (1984).  Rather, to establish standing, a plaintiff must demonstrate that the challenged government action or inaction has caused "harm to a concrete, personal interest" of that plaintiff.  See id. at 756.

Here, any injury resulting from the City's failure to take steps to remove fences and trees placed by others on land owned by the City is shared equally by all citizens.  Indeed, plaintiff does not allege that, by reason of the City's failure to remove fences and trees from City property, plaintiff has been subjected to any type of harm to a "concrete, personal interest."  See id.

Finally, plaintiff's request, for a further opportunity to amend, will be denied.  Plaintiff not only fails to identify any additional facts he could allege if afforded leave to amend his due process and equal protection claims, it is readily apparent that affording plaintiff such leave would be futile, as the identical issue of whether the subject fences and trees have caused particularized injury to plaintiff has been resolved against him in a prior state court action, Kempton v. City of Los Angeles, Los Angeles Super. Ct. No. BC363837.  See Castillo v. City of Los Angeles, 92 Cal. App. 4th 477, 481 (2001) (holding "[i]ssue preclusion prevents relitigation of issues argued and decided in prior proceedings") (internal quotation and citation omitted); Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (holding "[t]o determine the preclusive effect of a state court judgment, federal courts look to state law").  Specifically, in said prior state court action against the City, in which plaintiff alleged the fences and trees at issue herein were nuisances the City

was required to remove, the trial court found the fences and trees had not caused plaintiff damage "different in kind from that suffered by other members of the public," and said decision was affirmed on appeal. (See Def.'s Req. for Judicial Notice, filed November 7, 2013, first exhibit at 2; see also id., first exhibit at 5-7 (rejecting as unsupported by any evidence plaintiff's allegations that the fences and trees impaired the value of plaintiff's property or otherwise negatively affected his ability to use his property).)[2] Accordingly, the First and Second Causes of Action, to the extent such causes of action are based on a deprivation of due process and equal protection, are subject to dismissal, without further leave to amend.[3]

**B. Retaliation**

Each of plaintiff's two causes of actions is, in addition, based on a claim that the City, by causing plaintiff to "suffer penalties for legitimate grievances," has deprived plaintiff of his First Amendment rights. (See AC ¶ 55.) Although the "legitimate grievances" are not expressly identified in the AC, the phrase appears to be a reference to earlier lawsuits plaintiff filed against the City, and, consequently, the instant claim would appear to be based on an allegation that after plaintiff filed those lawsuits, the City took adverse action against him.[4]

Similarly, the particular adverse action(s) on which plaintiff bases his claim are not expressly identified in the AC. Nevertheless, to the extent plaintiff is relying on Cooper's testifying against him during the State Bar proceedings (see AC ¶¶ 24, 25) and the City's

---

[2] The City's request that the Court take judicial notice of the above-referenced opinion is GRANTED. See Intri-Plex, 499 F.3d at 1052 (holding district court, in ruling on motion to dismiss, may consider "matters of public record" such as judgments filed in state court).

[3] In light thereof, the Court does not address, as to plaintiff's due process and equal protection claims, the City's additional arguments in support of dismissal.

[4] The City has not argued that plaintiff fails to sufficiently allege the details of his First Amendment retaliation claim, and, consequently, the Court does not consider that issue. Cf. Sloman v. Tadlock, 21 F.3d 1462, 1465-66, 1469 (9th Cir. 1994) (affirming judgment in favor of plaintiff, where, after plaintiff campaigned in favor of certain ballot measures, plaintiff established police officer "used his official powers, specifically, his power to warn, cite, and arrest, to retaliate against [plaintiff's] exercise of his free speech rights").

"labeling [plaintiff's] property in the City computer system(s)" such that plaintiff's "requests for City services" must be "preapproved" by the City (see AC ¶ 18(f)), the Court declines to find at the pleading stage that plaintiff lacks standing to bring a retaliation claim, given that such conduct would appear to be specifically directed at plaintiff, rather than the general public.

The City next argues plaintiff's retaliation claim is barred by the doctrine of res judicata, citing judgments entered against plaintiff in prior state court actions. Under California law, "[r]es judicata bars a cause of action that was or could have been litigated in a prior proceeding if: (1) the present action is on the same cause of action as the prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding," see Federal Home Loan Bank v. Countrywide Financial Corp., 214 Cal. App. 4th 1520, 1527 (2013) (internal quotation and citation omitted); see also Intri-Plex, 499 F.3d at 1052 (holding federal courts apply state law in determining preclusive effect of state court judgment).

For purposes of the first of the above elements, a "cause of action" is "comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty." See Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (2002) (holding, where plaintiff in prior action sought remedy of specific performance against defendant for breach of contractual provision, plaintiff's subsequent lawsuit seeking damages for breach of same provision was "same cause of action" as alleged in prior action). A "primary right is simply the plaintiff's right to be free from the particular injury suffered." See id.

Here, the City relies on prior lawsuits filed by plaintiff against the City and certain of his neighbors. In those complaints, plaintiff claimed injuries purportedly caused by fences placed on public property and other conduct by neighbors, as well as the City's failure to issue a permit to plaintiff. (See Def.'s Req. for Judicial Notice, filed November 7, 2013, first exhibit at 2 (describing plaintiff's claims against City arising from injury caused by "fencing

on neighboring properties"); second exhibit at 2 (describing plaintiff's claims against neighbors arising from neighbors' having engaged in "invasion[s] of plaintiffs' privacy"); third exhibit at 2 (describing plaintiff's claims against neighbors arising from neighbors' "fencing"); fourth exhibit at 2 (describing claims against City arising from denial of permit to "build a wide driveway entrance directly in front of [ ] adjoining neighbor's house").)

As noted, the basis of plaintiff's retaliation claim appears to be the City's taking adverse action against plaintiff after he filed lawsuits against the City; consequently, the instant claim would not appear to be based on the same injuries alleged in the above-referenced prior lawsuits to which the City cites. Under such circumstances, the Court finds the City has failed, at the pleading stage, to meet its burden to demonstrate that plaintiff, by seeking relief in the instant action for alleged retaliatory conduct, "seek[s] to vindicate the same primary right" as he asserted in any of the prior state court litigation. See Mycogen Corp., 28 Cal. 4th at 904; Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985) (holding defendant has burden to establish "affirmative defense of res judicata").

Accordingly, the City has failed to show the First and Second Causes of Action, to the extent such causes of action are based on retaliation, are subject to dismissal.

## CONCLUSION

For the reasons stated above, the City's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the due process and equal protection claims in the First and Second Causes of Action, the motion is GRANTED, and said claims are DISMISSED without further leave to amend.

2. To the extent the motion seeks dismissal of the retaliation claim in the First and Second Causes of Action, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 23, 2013

MAXINE M. CHESNEY
United States District Judge