UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART City Defendants' Motion to Dismiss

Before the Court is the City Defendants' motion to dismiss the Second Amended Complaint ("SAC"). Dkt. # 68. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS the motion in part and DENIES the motion in part.

I.  Background

　　A.　Procedural History

On March 28, 2013, Plaintiff Charles Kinney ("Plaintiff") initiated this lawsuit in the Northern District of California by filing a complaint against: the State Bar of California (the "State Bar"); California Court of Appeal Justice Roger W. Boren ("Justice Boren"); California Superior Court Judge Luis A. Lavin ("Judge Lavin"); the City of Los Angeles (the "City"); and Does 1-20. Dkt. # 1. Plaintiff asserted causes of action for: (1) violations of his Constitutional rights, pursuant to 42 U.S.C. § 1983; (2) a conspiracy to violate his Constitutional rights, pursuant to 42 U.S.C. § 1985. *Compl.* ¶¶ 30-47. The case was assigned to Judge Maxine M. Chesney. *See* Dkt. # 5.

Plaintiff immediately moved for an *ex parte* temporary restraining order to stop the State Bar from attempting to disbar him until Plaintiff's appeals of certain court orders had been fully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

resolved—if necessary, by the Supreme Court. Dkt. # 2. Those orders included a finding that Plaintiff was vexatious litigant. *Id.* The Court denied Plaintiff's motion. *Mar. 29, 2013 Order*.

In May 2013, the Court granted the State Bar's motion to dismiss Plaintiff's claims against it, holding that they were barred by the Eleventh Amendment. *May 9, 2013 Order*. A few months later, the Court dismissed Plaintiff's claims against Justice Boren and Judge Lavin, reasoning that the judges were immune from damages liability based on their judicial acts and that the Court was not empowered to sit in review of state court decisions. *Sept. 27, 2013 Order*.

The City first moved to dismiss the Complaint in August 2013, based on the *Rooker-Feldman* doctrine. Dkt. # 20. The Court held that the doctrine barred Plaintiff's claims to the extent he sought an injunction against the enforcement of state court orders finding him to be a vexatious litigant, but otherwise denied the City's motion. *Oct. 2, 2013 Order* 4:7-5:10. The Court granted Plaintiff leave to amend his other claims against the City. *Id.* 5:11-6:6, 6:14-6:18.

Plaintiff filed an Amended Complaint in October 2013, and the City moved to dismiss. Dkts. # 33, 37. The Court dismissed Plaintiff's claims without leave to amend to the extent they were based on his allegations that the City deprived him of due process and equal protection, finding that Plaintiff lacked standing because his complaints concerned generalized grievances about government. *Dec. 23, 2013 Order* 2:22-4:9. However, the Court found that Plaintiff had standing to pursue claims that the City had retaliated against him for filing lawsuits against the City. *Id.* 4:10-6:17.

The City answered the Amended Complaint on January 6, 2014. Dkt. # 45.

The Court entered a scheduling order on January 13, 2014, and indicated that Plaintiff could file an SAC no later than January 17, 2014. *Pretrial Preparation Order* at 2. Plaintiff filed the operative SAC on January 20, 2014, asserting claims against the City and sixteen City employees (collectively, the "City Defendants"). Dkt. # 49. Neither the Court nor the City took issue with the timeliness of the SAC. *See* Dkts. # 50, 56.

In February 2014, Judge Chesney granted the City's motion for change of venue, and transferred this case to the Central District of California. *Feb. 28, 2014 Order*. This case was assigned to this Court on March 4, 2014. Dkt. # 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Plaintiff moved to disqualify the Court. Dkt. # 60. In accordance with Local Rule 72-5 and General Order 8.05, Plaintiff's motion was referred to Judge John F. Walter. Dkt. # 61. Judge Walter denied the motion. *Mar. 13, 2014 Order*.

On March 17, 2014, the City Defendants moved to dismiss the SAC. Dkt. # 63. The Court struck the motion because it was noticed for a closed hearing date. Dkt. # 65. The City Defendants re-filed their motion on March 28, 2014. Dkt. # 68. That motion is presently before the Court.

B.   Factual Background

Plaintiff, who is an attorney, holds a 50% interest in a home in Los Angeles. *See SAC* ¶¶ 5, 14. His co-owner was his client Kimberly Kempton, who is now deceased. *See id.* Plaintiff resides in Alameda County and Orange County. *See id.*

Since 2006, Plaintiff has been embroiled in a vast litigation campaign that the California Court of Appeal has described as a "relentless assault on the good will and sensibilities of [his] hapless neighbors," *Kempton v. City of Los Angeles*, Nos. B225643C, WB227321, 2011 WL 5560183, at *1 (Cal. Ct. App. Nov. 16, 2011), and "a persistent and obsessive campaign of litigation terror against his neighbors and the City of Los Angeles." *In re Kinney*, 201 Cal. App. 4th 951, 953 (2011). Before filing this suit, Plaintiff had already sued at least four of his neighbors, the prior owner of his property, the brokers who represented that owner in the sale of the property, and the City. *See id.* at 1 n.1.

In one of their suits against the City, Plaintiff and Kempton alleged that their neighbors had improperly extended fences onto public property. *See Kempton v. City of Los Angeles*, 165 Cal. App. 4th 1344, 1346 (2008). Plaintiff and Kempton sought "damages and an injunction requiring the City to bring proceedings to force [their] neighbors to remove the fences from the City's right-of-way." *See id.* at 1347. The trial court rejected the plaintiffs' claims of emotional distress, and granted the City's motion for judgment on the pleadings, holding that the plaintiffs had failed to allege any actual injury. *See id.* The plaintiffs did not request leave to amend; instead, they appealed. *See id.*

The Court of Appeal agreed with the trial court that the plaintiffs had "not suffered cognizable monetary damages." *See id.* at 1348. However, the court reasoned that the plaintiffs might have a public nuisance claim. *See id.* Accordingly, the court remanded the case, and instructed the trial court to grant the plaintiffs leave to amend their complaint to make out a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

claim for nuisance. *See id.* at 1350. Based on this ruling, Plaintiff claims that he and Kempton prevailed over the City, and asserts that the court "required action by [the City] to ensure that no nuisances existed on public property." *SAC* ¶ 16.

Plaintiff and Kempton amended their pleadings to add claims for public nuisance, private nuisance, and a dangerous condition. *See Kempton v. City of Los Angeles*, No. B236973, 2012 WL 6620230, at *2 (Cal. Ct. App. Dec. 19, 2012). The trial court dismissed their dangerous condition claim. *See id.* Following a trial, the court entered a judgment against the plaintiffs and in favor of the City on both nuisance claims. *See id.* The Court of Appeal affirmed. *See id.* at *2-4.

In the operative portions of the SAC—leaving aside the claims that have already been dismissed without leave to amend—Plaintiff alleges that the City and sixteen City employees, including one of his neighbors, have retaliated against him for "prevail[ing]" over the City in 2008. *SAC* ¶¶ 16, 54. Accordingly, Plaintiff contends that the City Defendants have conspired to, and have, deprived him of his rights under the First Amendment. *Id.* ¶ 56. It is not entirely clear when Plaintiff believes the City's retaliatory efforts began: in the SAC, Plaintiff alleges that the City has engaged in retaliation since June 2006, *id.* ¶ 7, but in his opposition brief, Plaintiff alleges that the City "secretly decided to retaliate against [Plaintiff] starting in about 2009." *Opp.* 7:19-7:20.

II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The Court is ordinarily required to liberally interpret the pleadings of *pro se* litigants. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). As the Supreme Court has explained, "a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, that liberal standard does not apply when, as here, the *pro se* litigant is an attorney. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2011) ("[P]*ro se* attorneys such as Holtz typically 'cannot claim the special consideration which the courts customarily grant to *pro se* parties.'") (citation omitted); *Godlove v. Bamberger, Foreman, Oswald & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration."); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007) ("Because plaintiff is an attorney, she is not automatically subject to the very liberal standards afforded to a non-attorney *pro se* plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the court.") (citation omitted).

III.  Discussion

    A.  Local Rule 7-3

As a threshold matter, Plaintiff argues that the City Defendants failed to meet and confer before filing their motion, as required by Local Rule 7-3. *See Opp.* 4:16-4:17. Rule 7-3 provides that before filing a motion, counsel must "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. That meet and confer must take place at least seven days before any motion is filed. *Id.* If the parties are unable to resolve their differences, the moving party must include a certification in its notice of motion stating when the parties' conference took place. *Id.*

The City Defendants met and conferred with Plaintiff on March 14, 2014, before filing their first motion to dismiss the SAC. *See* Dkt. # 63 at ii:18-ii:20. The Court struck that motion because it was noticed for a closed hearing date. Dkt. # 65. The City Defendants did not meet and confer again before they re-filed their motion. *See Mot.* ii:18-ii:20; *Opp.* 3:16-3:17. The City Defendants' motions appear to be materially identical. *Compare* Dkt. # 63 *with* Dkt. # 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

The Court strictly applies Rule 7-3. However, it does not do so in an unthinking, slavish fashion. The City Defendants met and conferred with Plaintiff before filing their motion to dismiss the SAC. They were not required to meet and confer again before re-filing this motion. Rule 7-3 has been satisfied.

B.   Rule 12(g)

As a second threshold issue, Plaintiff argues that the City Defendants' motion is barred by Federal Rule of Civil Procedure 12(g), because it is based on issues that the City raised or could have raised in its prior motions to dismiss. *See Opp.* 1:26-1:28, 4:9-4:15. The City Defendants counter that they could not have raised their present arguments in the City's earlier motions. *See Reply* 2:24-3:18.

The City's argument is unnecessarily narrow. "Courts in this Circuit . . . permit[ ] defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available." *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012) (collecting cases). Because Plaintiff chose to file an SAC, the City is free to reassert arguments it made in its previous motions, and to raise arguments that it could have raised.

Plaintiff's argument does not apply to the individual City Defendants, who were not named as parties in Plaintiff's earlier complaints.

C.   Immunity for Government Attorneys

The City Defendants claim that individual City Defendants Feuer, Trutanich, Langsfeld, McWilliams, Nocas, and Pfann (the "City Attorney Defendants") are entitled to absolute immunity because the allegations against them are based on their acts as government attorneys. *See Mem.* 11:5-11:12 & n.5. In support of this argument, City Defendants cite the Supreme Court's statement in *Imbler v. Pachtman*, 424 U.S. 409 (1976), that "prosecutor[s] enjoy[ ] absolute immunity from § 1983 suits for damages when [they] act within the scope of [their] prosecutorial duties," *id.* at 420, and assert—without any authority—that they are entitled to the same immunity because they are being sued for their acts in defense of the City, as government attorneys. *See Mem.* 11:8-11:12 & n.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

In the past, the Supreme Court and the Ninth Circuit have extended *Imbler* beyond the scope of prosecutorial actions in criminal cases. *See Butz v. Economou*, 438 U.S. 478, 515 (1978) (granting absolute immunity to certain agency officials in administrative proceedings); *Fry v. Melaragno*, 939 F.2d 832, 836-38 (9th Cir. 1991) (granting absolute immunity to IRS attorneys who prosecuted civil tax-collection lawsuit); *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976) (same). In *Flood* and *Fry*, the Ninth Circuit further stated that absolute immunity extended to *all* government attorneys, to the extent their conduct was "intimately associated with the judicial phases" of litigation. *See Fry*, 939 F.2d at 837 ("Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'") (quoting *Butz*, 438 U.S. at 512); *Flood*, 532 F.2d at 1251 ("Nor do we see any significant reason to distinguish actions involving civil claims from those underlying criminal prosecution."). However, the Ninth Circuit recently revisited the issue of immunity for government attorneys in *Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013), and reasoned that government attorneys who were being sued based on civil litigation were only entitled to absolute immunity to the extent that their actions were "analogous to those of a prosecutor." *See id.* at 811-12.

The City Defendants have not made any attempt to argue that the actions of the City Attorney Defendants, as pleaded in the SAC, can be analogized to the actions of prosecutors. As a result, the Court is not persuaded that the City Attorney Defendants are entitled to absolute immunity. *See id.*

    D.    <u>Plaintiff's § 1983 Claims</u>

        i.    *Against the Individual City Defendants*

To make out a claim for violation of § 1983, Plaintiff must show that each Defendant deprived Plaintiff of rights secured by the Constitution or federal law, while acting under color of law. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313 (9th Cir. 1989). In the context of this case, because Plaintiff is alleging that the City Defendants retaliated against him based on his lawsuits against the City, Plaintiff must also show that: (1) the individual City Defendants' acts "would chill or silence a person of ordinary firmness from future First Amendment activities," *see Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012) (en banc) (internal quotation marks and citations omitted); and (2) that "deterrence was a substantial or motivating factor in [the defendant's] conduct." *Id.* (internal quotation marks and citation omitted); *see Soranno's Gasco, Inc.*, 874 F.2d at 1314. Plaintiff must "allege facts ultimately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

enabling him to prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation." *See Lacey*, 693 F.3d at 917 (internal quotation marks and citations omitted).

The City Defendants argue that the SAC does not plead how any of the individual City Defendants retaliated against Plaintiff. *See Mem.* 7:17-7:20, 9:21-11:3. The Court interprets that argument as an assertion that Plaintiff has not adequately pleaded that any of the individual City Defendants engaged in acts that "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.

There are two acts pleaded in the SAC that could plausibly meet that standard: Defendant Cooper's alleged complaints to the State Bar, and Defendant Tanijiri's alleged designation of Plaintiff's property for additional scrutiny.

Defendant Carolyn Cooper is "a high-level employee in the [City] office of the Chief Administrative Officer." *See SAC* ¶ 7(a). She is also Plaintiff's neighbor. *See id.* Plaintiff alleges that Cooper has, among other things, "used [City] resources and work time . . . to complain about Plaintiff to the [State Bar] . . . in an effort to have Plaintiff disbarred." *Id.* Specifically, Plaintiff alleges that in April 2012, Cooper sent an email to the State Bar claiming that Plaintiff "had made 'untruths and misleading statements.'" *Id.* ¶ 7(a); *see also id.* ¶ 22. Plaintiff alleges that Cooper made her complaints to retaliate against Plaintiff. *Id.* ¶ 7(a). More broadly, Plaintiff asserts that Cooper "has sought and obtained special treatment and/or favors from [City] employees and others regarding obstructions built by her and/or in the public right(s)-of-way, and/or her violations of zoning and/or building codes, to the detriment of Plaintiff." *Id.*

Defendant Wesley Tanijiri is a City engineer. *See id.* ¶ 7(e). Plaintiff alleges that Tanijiri "caused to be placed or participated in placing a large 'X' on the computer screen for Plaintiff's property in Los Angeles to warn other [City] employees that any permits by Plaintiff are subjected to closer and/or improper scrutiny." *Id.* According to Plaintiff, the "X" recorded in the City's computer systems means that Plaintiff's "requests for [City] services and/or permits must be preapproved by or reviewed by certain [City] employees such as [Deputy City Attorney Peter Langsfeld] and/or [Tanijiri]." *Id.* ¶ 19(f). Plaintiff asserts that Tanijiri designated Plaintiff's property with an "X" to retaliate against Plaintiff. *Id.* ¶ 7.

Plaintiff also alleges that Tanijiri: (1) authored or assisted in authoring certain letters regarding Plaintiff's requests for driveway permits; (2) issued a permit allowing a sidewalk to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

built in front of Plaintiff's property, which Plaintiff alleges did not comply with City regulations and guidelines; and (3) "has granted, agreed to grant, or failed to sufficiently protest granting [Cooper] special treatment and/or favors regarding obstructions built by her and/or in the public right(s)-of-way, to the detriment of Plaintiff." *Id.* ¶ 7(f).

The City Defendants' arguments regarding the key allegations against Cooper and Tanijiri are wholly unpersuasive.

The City Defendants attempt to characterize the SAC as alleging that Cooper made misleading statements to the State Bar about Plaintiff's statements concerning "fences, structures, trees, and public sidewalks." *See Mem.* 4:10-4:16. The City Defendants muse that "[h]ow these facts are of any interest to the State Bar is unexplained." *See id.* 4:16-4:17. In truth, the SAC alleges that Cooper complained to the State Bar that *Plaintiff* made false and misleading statements about public sidewalks, in an effort to have Plaintiff disbarred. *SAC* ¶ 7(a). Although the State Bar may not care about the subject matter of an attorney's alleged false statements, the State Bar cares a great deal about attorneys' "untruths and misleading statements." *See id.* The State Bar took Plaintiff to trial based in part on Cooper's complaints, and the State Bar court recommended that Plaintiff be suspended from the practice of law for three years. *See id.* ¶¶ 24-26. The Court is persuaded that a retaliatory complaint to the State Bar "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.[1]

The City Defendants' argument regarding Tanijiri is even weaker. The City Defendants recognize that Plaintiff "alleges that Mr. Tanijiri caused a large 'X' to be placed on a computer screen." *See Mem.* 6:1-6:3. Mystifyingly, the City Defendants claim that Plaintiff "has not alleged how, if at all, that 'X' constituted a retaliatory act by Tanijiri." *See id.* 6:2-6:4. The SAC alleges that the "X" recorded in the City's computer systems singled out Plaintiff's property for special scrutiny, and meant that any requests Plaintiff made for City services or permits had to be preapproved or reviewed by certain City employees. *See SAC* ¶¶ 7(e), 19(f). Although these allegations are somewhat vague, the gravamen of Plaintiff's SAC is clear:

---

[1] The City Defendants also argue that California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, "protects the valid exercise of free speech." *Mem.* 4:17-4:20. Section 425.16 allows defendants to file special motions to strike litigation designed to chill certain speech. However, the City Defendants have not filed any such motion. Accordingly, the Court does not address § 425.16 here, and does not express any view as to whether Plaintiff's claim against Cooper is subject to a special motion to strike under § 425.16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Tanijiri's actions meant that it was more difficult for Plaintiff to obtain permits and City services. It is plausible that such targeting "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.

For the reasons above, the Court concludes that Plaintiff has stated § 1983 claims against Cooper and Tanijiri based on: (1) the allegation that Cooper retaliated against Plaintiff by making complaints to the State Bar in an effort to have Plaintiff disbarred; and (2) the allegation that Tanijiri retaliated against Plaintiff by designating Plaintiff's property in the City's computer systems in manner that meant that Plaintiff's requests for City services or permits had to be preapproved or reviewed by certain City employees.

The Court, on the other hand, is not persuaded that the SAC adequately pleads any acts of retaliation by the other individual City Defendants.

Some of Plaintiff's allegations are vague and conclusory, and must be disregarded in the motion to dismiss analysis. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556-57. The Court will not consider Plaintiff's boilerplate allegations that individual Defendants "granted, agreed to grant, or failed to sufficiently protest granting [Cooper] special treatment and/or favors regarding obstructions built by her and/or in the public right(s)-of-way, to the detriment of Plaintiff." *See SAC* ¶ 7(b) (against Perez), ¶ 7(c) (against Jackson), ¶ 7(d) (against White), ¶ 7(f) (against Behdin), ¶ 7(g) (against Harris), ¶ 7(h) (against Moore), ¶ 7(i) (against Strazzella), ¶ 7(j) (against Kamachi-Lazaro), ¶ 7(k) (against Langsfeld), ¶ 7(l) (against Trutanich), ¶ 7(m) (against Pfann), ¶ 7(n) (against Nocas), ¶ 7(o) (against Feuer), ¶ 7(p) (against McWilliams).

The SAC's other allegations concerning retaliation are summarized as follows.

Defendant Perez, an inspector in the City's "Bureau of Streets and Sidewalks" ("BSS"), issued Cooper (and one of Plaintiff's other neighbors) a notice to abate a nuisance due to an obstructing fence and vegetation in the public right-of-way. *See id.* ¶ 7(b). Perez met with Cooper, Defendants Jackson and White (his superiors in BSS), and others concerning the notice to abate. *See id.* ¶ 7(b)-(d). Plaintiff claims that White, the chief of BSS, granted Cooper special treatment by failing to enforce the notice. *See id.* ¶ 7(d).

Defendant Behdin, a supervising City engineer, supervised Tanijiri, wrote two letters regarding one of Plaintiff's permit requests, and "participated in" other letters regarding Plaintiff's driveway. *See id.* ¶ 7(f). Defendant Harris, who worked in BSS's investigation and enforcement division, received one of Behdin's letters. *See id.* ¶ 7(g). Defendant Kamachi-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Lazaro, a City engineer, issued a permit for a sidewalk in front of Plaintiff's property. *See id.* ¶ 7(j). Defendant Moore, who was the City Engineer, supervised Tanijiri, Behdin, and Kamachi-Lazaro. *See id.* ¶ 7(h).

Defendant Strazzella, who worked for the City Bureau of Contract Administration, received copies of two letters authored by Tanijiri. *See id.* ¶ 7(i).

Defendant Langsfeld, a Deputy City Attorney, has defended the City in Plaintiff's lawsuits and submitted a declaration in a related civil case. *See id.* ¶ 7(k). Defendants McWilliams, Nocas, and Pfann, who were also Deputy City Attorneys, signed documents in Plaintiff's cases against the City. *See id.* ¶ 7(m)-(n), ¶ 7(p). Defendants Trutanich and Feuer—respectively, the former City Attorney and the City Attorney—supervised Langfeld and signed documents in Plaintiff's cases against the City. *See id.* ¶ 7(l), ¶ 7(o).

After reviewing the entire SAC, and considering the context for Plaintiff's allegations, the Court is not persuaded that any of these acts "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.

Accordingly, Plaintiff's § 1983 claims against Defendants Perez, Jackson, White, Behdin, Harris, Kamachi-Lazaro, Moore, Strazzella, Langsfeld, McWilliams, Nocas, Pfann, Trutanich, and Feuer are DISMISSED.

      ii.     *Against the City*

A municipal government is subject to liability under § 1983 only when a constitutional violation results from its policies or customs. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A policy may be either "explicitly adopted" or "tacitly authorized," *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir. 1986), so long as "the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986). A custom may exist where there is "a widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Gillette v. Delmore*, 979 F.2d 1342, 1348-49 (9th Cir. 1992) (citation omitted) (alteration in original).

Although Plaintiff repeatedly alleges that the City has engaged in an "ongoing and improper custom, policy, and/or practice," it is not entirely clear what Plaintiff believes that custom, policy, or practice is. *See, e.g.*, *SAC* ¶ 18. Plaintiff argues in his opposition brief that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

the City "has been actively or improperly defending private property wrongdoers (who want exclusive and thus illegal use of public streets) with public funds from [December] 2006 onward. That has prevented [Plaintiff], a citizen of the United States, from using public property." *Opp.* 8:18-8:21. The Court will accept that statement of the City's policy as if it was pleaded in the SAC.

Plaintiff has not pleaded that the alleged policy was explicitly adopted or tacitly authorized by the City's authorized decisionmakers. *See Pembaur*, 475 U.S. at 481. The Court is also not persuaded that the City's alleged policy is "widespread," and "so permanent and well-settled as to constitute a 'custom or usage' with the force of law," given that it appears to be limited to Plaintiff and his neighbors. *See SAC* ¶ 19; *Gillette*, 979 F.2d at 1348-49. As a result, the Court finds that Plaintiff has not adequately pleaded his § 1983 claim against the City under *Monell*, 436 U.S. at 694.

Plaintiff's § 1983 claim against the City is DISMISSED.

E.  <u>Plaintiff's § 1985 Claims</u>

To state a claim under § 1985(3)—the only part of § 1985 that might reasonably apply here—a plaintiff must plead:

> (1) a conspiracy; (2) for the purpose of depriving, either directly, or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992) (quoting *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)). To satisfy the second required element, a plaintiff must show that the alleged deprivation of rights was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001). The Ninth Circuit has held that § 1985(3) "is extended beyond race 'only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" *Sever*, 978 F.2d at 1536 (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)). The Ninth Circuit has also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

explained that the class of "individuals who wish to petition the government" is not protected under § 1985(3). *See id.* at 1538.

Plaintiff has not alleged that the City Defendants' alleged conspiracy was motivated by a racial or class-based discriminatory animus. Nor does it appear that he could, in light of the Ninth Circuit's holding in *Sever*. Accordingly, Plaintiff's § 1985 claims are DISMISSED.

F.  Statute of Limitations

The City Defendants argue that Plaintiff's claims are barred by the statute of limitations. *See Mem.* 3:15-4:8.

Because the statute of limitations is an affirmative defense, courts address it at the motion to dismiss stage only to the extent that limitations issues are apparent on the face of the complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

Section 1983 does not contain a statute of limitations. As a result, courts borrow the state limitations periods applicable to personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In California, that limitations period is two years. *See* Cal. Civ. Proc. Code § 335.1; *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). The statute of limitations under § 1983 begins to run when the plaintiff's cause of action accrues, which is when the plaintiff knows or has reason to know of his injury. *See Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

The City argues that Plaintiff must have known about his injuries when he filed suit against the City in 2006 and 2009. *See Mem.* 7:22-9:19. However, that argument relates to the claims Plaintiff asserted in his earlier lawsuits against the City, rather than the alleged acts of retaliation that give rise to Plaintiff's remaining claims in this case. The City does not address Plaintiff's knowledge of the retaliatory acts allegedly committed by Cooper and Tanijiri.

It is not entirely clear from the SAC when Plaintiff knew about or should have known about Cooper's and Tanijiri's alleged actions. Plaintiff alleges that Cooper complained to the State Bar within the past two years. *See* SAC ¶ 7(a). Plaintiff would have learned about those complaints no later than May 2013, when the State Bar took his suspension case to trial. *See id.* ¶ 24. There are no indications in the SAC as to when Tanijiri marked Plaintiff's property with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#68/69

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

an "X" in the City's computer systems, or when Plaintiff learned about that designation. *See id.* ¶ 7(e).

In short, the allegations in the SAC do not indicate that the statute of limitations has run for Plaintiff's § 1983 claims against Cooper and Tanijiri.

    G.    Leave to Amend

In determining whether leave to amend is warranted, the Court considers: (1) a party's bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended his complaint. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). When a plaintiff has previously been granted leave to amend and has subsequently failed to add the necessary particularity to his claims, "[t]he district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted).

Plaintiff has already amended his pleadings twice. *See* Dkts. # 33, 49. As a result, the Court's discretion to deny leave to amend is broad. *See Zucco Partners*, 552 F.3d at 1007. This case has been in litigation for over a year. *See* Dkt. # 1. Allowing Plaintiff an additional chance to plead his claims would result in undue delay and would prejudice the defendants.

Plaintiff claims he has additional facts he can plead if granted leave to amend. *See Opp.* 9:27-10:10. However, the only two *concrete* allegations he cites are: (1) a claim that the City caused one of his state court appeals to be transferred between appellate divisions; and (2) a claim that Justice Boren assigned one of Plaintiff's state court appeals to his division. *See id.* 10:3-10:10. Plaintiff does not allege that the City's act was done pursuant to a custom, policy, or practice, and Justice Boren has already been dismissed from this case. As a result, Plaintiff's contemplated amendments would be futile.

Under the circumstances, the Court finds it appropriate to deny Plaintiff any further leave to amend.

IV.    Conclusion

For the reasons above, the City Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Plaintiff's claims under § 1983 are DISMISSED, without leave to amend, with the exception of:

(1) Plaintiff's claims against Defendant Cooper related to Cooper's allegedly retaliatory complaints to the State Bar; and

(2) Plaintiff's claims against Defendant Tanijiri related to Tanijiri's allegedly retaliatory designation of Plaintiff's property in City records for special scrutiny.

Plaintiff's claims under § 1985 are DISMISSED, without leave to amend.

**IT IS SO ORDERED.**