CHARLES G. KINNEY
5826 Presley Way
Oakland, CA 94618
(510) 654-5133
FAX (510) 594-0883
charleskinney@hotmail.com

Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| CHARLES KINNEY,<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE BAR OF CALIFORNIA,<br>CITY OF LOS ANGELES, CALIFORNIA<br>SUPERIOR COURT JUDGE LUIS A. LAVIN,<br>CALIFORNIA COURT OF APPEAL<br>JUSTICE ROGER W. BOREN,<br>CAROLYN COOPER,<br>WESLEY TANIJIRI, and<br>PETER LANGFELD,<br><br>        Defendants.<br>_____ | Case No. **CV-14-1591-PSG**<br><br>Formerly Northern Dist.<br>Case No. **C-13-01396-MMC**<br><br>**<u>NOTICE OF APPEAL</u>**<br><br><br><br>ND Judge Chesney<br>No. 3:13-cv-01396-MMC<br><br>CD Judge Gutierrez<br>No. 2:14-cv-01591-PSG-MRW |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    Notice is hereby given that Plaintiff and Appellant CHARLES KINNEY ["KINNEY"] in the above named case hereby appeals to the United States Court of Appeals for the Ninth Circuit from order(s) and/or judgment(s) thereon ["order"] of: (a) the U.S. District Court, Northern District of California, San Francisco ["ND"] where the case originated; **<u>and</u>** (b) the U.S. District Court, Central District of California, Los Angeles ["CD"] where the case was transferred in Feb.

2014, against defendants STATE BAR OF CALIFORNIA, CITY OF LOS ANGELES, CALIFORNIA SUPERIOR COURT JUDGE LUIS A. LAVIN, CALIFORNIA COURT OF APPEAL JUSTICE ROGER W. BOREN, CAROLYN COOPER (not listed in docket for unknown reason although named as one of 16 City employees in KINNEY's Second Amended Complaint [ND doc. #49]), WESLEY TANIJIRI, and PETER LANGSFELD:

(1) order granting the motion to dismiss in favor of defendant STATE BAR OF CALIFORNIA ["STATE BAR"], without oral argument, entered on May 9, 2013 [ND doc. #12];

(2) the order granting the motion to dismiss in favor of defendants CALIFORNIA SUPERIOR COURT JUDGE LUIS A. LAVIN ["LAVIN"] and CALIFORNIA COURT OF APPEAL JUSTICE ROGER W. BOREN ["BOREN"], without oral argument, entered on Sept. 27, 2013 [ND doc. #31];

(3) order regarding the motion to dismiss by defendant CITY OF LOS ANGELES ["CITY"] in which KINNEY's request for injunctive relief to enjoin enforcement of "void" vexatious litigant orders against him was dismissed, without oral argument, entered on Oct. 2, 2013 [ND doc. #32];

(4) order granting the motion to dismiss in favor of defendant CITY as to KINNEY's claims for violation of due process and equal protection claims, without oral argument, entered on Dec. 23, 2013 [ND doc. #43];

(5) order denying KINNEY's motion to disqualify and/or recuse Judge Gutierrez entered on March 13, 2014 [CD doc. #62];

(6) order granting the motion to dismiss in favor of defendant CITY and defendant PETER LANGSFELD ["LANGSFELD"]; dismissing KINNEY's claims under 42 U.S.C. Sec. 1983 except against CAROLYN COOPER

["COOPER"] and WESLEY TANIJIRI ["TANIJIRI"]; and dismissing all of KINNEY's claims under 42 U.S.C. Sec. 1985, without oral argument, entered on May 6, 2014 [CD doc. #73];

(7) order granting the motion for judgment on the pleadings in favor of defendant COOPER, without oral argument, entered on Sept. 10, 2014 [CD doc. #98];

(8) order granting the motion for summary judgment in favor of defendant TANIJIRI, without oral argument, entered on Jan. 28, 2015 [CD doc. #121]; and

(9) all interim orders and the whole thereof.

{This appeal acknowledges the Ninth Circuit's order dated May 12, 2014 in appeal No. 13-17187 [Ninth Doc. #16], which dismissed the prior appeal against LAVIN and BOREN as premature.}

Dated: ____2/27____, 2015      ____/s/___Charles Kinney___
                                    Charles Kinney

<u>PROOF OF SERVICE</u>

I am a resident of the United States. I am over the age of eighteen (18) years and not a party to the within action. My business address is 5826 Presley Way, Oakland, CA 94618.

On the date noted below, I electronically filed the following document with the Clerk of Court by using CM/ECF system to:

Michael N. Feuer, Esq.            Atty for City of Los Angeles,
Timothy McWilliams, Esq.          Langsfeld, Cooper, and Tanijiri
Peter E. Langsfeld, Esq.
700 City Hall East, 200 North Main Street
Los Angeles, CA 90012-4130
213-978-8205; FAX 213-978-8090
peter.langsfeld@lacity.org

Sarah L. Overton, Esq.            Atty for Judge and Justice
Cummings McClorey, Davis, et al

1   3801 University Ave., #560
    Riverside, CA  92501
2   951-276-4420; FAX 951-276-4405
3   soverton@cmda-law.com

4   Danielle A. Lee, Esq.              Atty for State Bar
    Mark A. Torres-Gil, Esq.
5   State Bar of California
    180 Howard St.
6   San Francisco, CA  94105
7   415-538-2517; FAX 415-538-2321
    danielle.lee@calbar.ca.gov
8   mark.torresgil@calbar.ca.gov

9        I declare under penalty of perjury under the laws of the State

10  of California that the foregoing is true and correct and that this

11  declaration was executed in Oakland, California.

12       Date: _____2/27_____, 2015       __/s/__Chris Kinney___
                                          Chris Kinney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Appeal                    4

Case 2:14-cv-01591-PSG-MRW Document 122 Filed 02/27/15 Page 5 of 51 Page ID
#:1116
Case 3:13-cv-01396-MMC Document 12 Filed 05/20/13 Page 1 of 2

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHARLES KINNEY,                              No. C-13-1396 MMC

12            Plaintiff,                          **ORDER GRANTING STATE BAR OF
                                                 CALIFORNIA'S MOTION TO DISMISS;**
13      v.                                       **DENYING PLAINTIFF'S REQUEST FOR
                                                 LEAVE TO AMEND TO ADD**
14   STATE BAR OF CALIFORNIA, et al.,            **DEFENDANTS; VACATING HEARING**

15            Defendants.
     _____/

16

17        Before the Court is the Motion to Dismiss, filed April 18, 2013, by defendant State

18   Bar of California ("the State Bar").  Plaintiff Charles Kinney ("Kinney") has filed opposition,

19   to which the State Bar has replied.  Having read and considered the papers filed in support

20   of and in opposition to the motion,[1] the Court deems the matter suitable for decision on the

21   parties' respective written submissions, VACATES the hearing scheduled for June 14,

22   2013, and rules as follows.

23        In his complaint, Kinney alleges the State Bar has violated 42 U.S.C. § 1983 by

24   instituting disbarment proceedings against him in a manner, he alleges, that violates his

25   First and Fifth Amendment rights, and has violated 42 U.S.C. § 1985 by conspiring to do so

26

27        [1]Kinney failed to provide the Court with a chambers copy of his opposition.
     Nonetheless, the Court has considered it.  For future reference, Kinney is reminded that,
28   pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are required
     to provide for use in chambers one paper copy of each document that is filed electronically.

with other defendants.[2]  In its motion, the State Bar argues it is immune from suit under the Eleventh Amendment.  The Court agrees.

The Eleventh Amendment bars suits against state agencies regardless of the relief sought.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  The State Bar is a state agency for purposes of the Eleventh Amendment.  See Hirsh v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995) (affirming dismissal of § 1983 claims against State Bar on Eleventh Amendment grounds); see also Konig v. State Bar of California, 256 Fed. Appx. 900 (9th Cir. 2007) (affirming order dismissing "all causes of action against the State Bar . . . based on Eleventh Amendment immunity").

Accordingly, the State Bar's motion to dismiss is hereby GRANTED, and Kinney's claims against the State Bar are hereby DISMISSED without leave to amend.

Lastly, to the extent Kinney requests in his opposition that he be afforded leave to amend to add seven additional named defendants, consisting of five "State Bar Attorneys" and two "'persons' at the City of Los Angeles" (see Pl.'s Opp. at 4:12-22, 5:8-9), Kinney's request is hereby DENIED as procedurally improper; any such request must be submitted by motion and noticed for hearing in conformity with the Local Rules of this District.  See Civil L.R. 7-2 (setting forth requirements for noticed motions); see also Civil L.R. 10-1 (requiring proposed amended complaint be submitted with motion to amend).

**IT IS SO ORDERED.**

Dated:  May 9, 2013

_____
MAXINE M. CHESNEY
United States District Judge

---

[2]To date, no defendant other than the State Bar has appeared.

2

Case 3:13-cv-01396-MMC Document 431 Filed 09/27/13 Page 1 of 2

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES KINNEY,

      Plaintiff,

  v.

STATE BAR OF CALIFORNIA, et al.,

      Defendants.

_____/

No. C-13-1396 MMC

**ORDER GRANTING JUSTICE ROGER BOREN AND JUDGE LUIS LAVIN'S MOTION TO DISMISS; VACATING HEARING**

      Before the Court is the motion to dismiss, filed August 28, 2013, by California Court of Appeal Justice Roger W. Boren ("Justice Boren") and California Superior Court Judge Luis A. Lavin ("Judge Lavin"). Plaintiff Charles Kinney has filed opposition, to which Justice Boren and Judge Lavin have replied. Also before the Court is plaintiffs' response, filed September 20, 2013, to the Court's order of August 21, 2013, directing plaintiff to show cause why his claims against Justice Boren and Judge Lavin should not be dismissed. Having read and considered the above-referenced filings, the Court finds the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 18, 2013, and rules as follows.

      Plaintiff's claims for an award of damages against Justice Boren and Judge Lavin, which claims are based on judicial rulings, are, for the reasons stated in the motion to dismiss and in the Court's order to show cause, subject to dismissal, without leave to

amend.  See Stump v. Sparkman, 435 U.S. 349, 355-56, 364 (1978) (holding state court judges sued for engaging in "judicial acts" are "immune from damages liability" irrespective of whether ruling was "in error"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding judges "are absolutely immune from damage liability for acts performed in their official capacities").

Further, plaintiff's claims for declaratory and injunctive relief, by which plaintiff seeks relief from orders issued by Justice Boren and Judge Lavin, are, for the reasons stated in the motion to dismiss and in the Court's order to show cause, subject to dismissal, without leave to amend.  See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296-97 (1970) (holding "lower federal courts possess no power whatever to sit in direct review of state court decisions"; vacating district court order enjoining enforcement of state court order).

Accordingly, Justice Boren and Judge Lavin's motion to dismiss is hereby GRANTED, and plaintiff's claims against them are hereby DISMISSED, without leave to amend.

**IT IS SO ORDERED.**

Dated:  September 27, 2013

MAXINE M. CHESNEY
United States District Judge

2

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9             FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   CHARLES KINNEY,                          No. C-13-1396 MMC
12          Plaintiff,                        **ORDER GRANTING IN PART AND**
                                              **DENYING CITY OF LOS ANGELES'**
13      v.                                    **MOTION TO DISMISS AND STRIKE;**
                                              **AFFORDING PLAINTIFF LEAVE TO**
14   STATE BAR OF CALIFORNIA, et al.,         **AMEND; VACATING HEARING**
15          Defendants.
                                        /
16

17          Before the Court is defendant City of Los Angeles' ("the City") Motion, filed August

18   27, 2013, "to Dismiss and Strike the Complaint."  Plaintiff Charles Kinney has filed

19   opposition, to which the City has replied.  Having read and considered the papers filed in

20   support of and in opposition to the motion, the Court deems the matter suitable for

21   determination on the parties' respective written submissions, VACATES the hearing

22   scheduled for October 11, 2013, and rules as follows.

23                               **BACKGROUND**

24          In his complaint, plaintiff alleges the City "is allowing certain private citizens

25   exclusive use and/or control of parts of the public street from 1991 to the present, to the

26   exclusion of other citizens who have a right to use the public street."  (See Compl.

27   ¶ 7.)  According to plaintiff, who is an attorney, he filed in state court a lawsuit against the

28   City, on his own behalf and on behalf of a client, and the state court found that "obstructing

a street was a 'public nuisance per se,' and that the public street included the roadway,

curb, and sidewalk areas."  (See Compl. ¶ 23.)  Plaintiff alleges that the City, in 2006,

issued "notices to abate" to various individuals, including "a high-level City employee,

Carolyn Cooper" (see Compl. ¶ 7), which notices the City did not enforce (see Compl.

¶ 23).  According to plaintiff, the subject "nuisances" are "fences and/or trees of Ms. Cooper

and others," and "the City through its attorneys . . . is actively preventing the removal of

these obstructions and providing resources to the benefit of the 'wrongdoers' (i.e. Ms.

Copper and others)."  (See id.)  Plaintiff further alleges that, in connection with the above-

referenced lawsuit against the City and/or other litigation, Superior Court Judge Luis A.

Lavin ("Judge Lavin") and Court of Appeal Justice Roger W. Boren ("Justice Boren")

erroneously found plaintiff to be a vexatious litigant (see Compl. ¶¶ 8, 9, 14), and, that, in

light of the vexatious litigant orders and in order to "assist[ ] the 'wrongdoers' (i.e. Ms.

Cooper and others)," the State Bar of California ("State Bar") instituted disciplinary

proceedings against plaintiff (see Compl. ¶ 6).

Based on the above allegations, plaintiff asserts two causes of action, specifically,

the First Cause of Action, alleging violations of 42 U.S.C. § 1983, and the Second Cause of

Action, alleging violations of 42 U.S.C. § 1985.  In the First Cause of Action, plaintiff alleges

that in response to his having acted as a "whistleblower" regarding the "City's refusal to

unblock public streets and/or the government's refusal to comply with their own rules" (see

Compl. ¶¶ 6, 34), "defendants, and each of them, have retaliated against and/or

blackballed [p]laintiff by issuing order(s) and/or opinion(s) and/or initiating administrative

procedures at the State Bar . . . against [p]laintiff, all without requiring the removal of the

'public nuisance per se' caused by fence(s) obstructing part of the public street."  (See

Compl. ¶ 35.)  In the Second Cause of Action, plaintiff alleges "the conduct of defendants"

is "part of a conspiracy."  (See Compl. ¶ 45.)[1]

---

[1]By prior orders, the Court has dismissed, without leave to amend, plaintiff's claims
against Judge Lavin, Justice Boren, and the State Bar, leaving the City as the sole
remaining defendant.

**DISCUSSION**

The City seeks dismissal on the basis of a single ground, the "Rooker-Feldman doctrine." (See Def.'s Mot. at 4 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).)

The holdings in Rooker and Feldman are based on 28 U.S.C. § 1257, which statute "vests authority to review a state court's judgment solely in [the Supreme] Court." See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005). In both Rooker and in Feldman, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," see id. at 291, and the Supreme Court held the district court, in light of § 1257, lacked jurisdiction to consider those suits, see id. at 291-92. The Rooker-Feldman doctrine thus deprives district courts of jurisdiction over claims by which the federal plaintiff seeks "to set aside a state court judgment" and "alleges a legal error by the state court as the basis for that relief." See Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) (internal quotation and citation omitted).

Here, as the City points out in its motion, plaintiff, prior to filing the instant action, filed two state court lawsuits against the City, which litigation is summarized in an appellate decision in which plaintiff was found to be a vexatious litigant. In said decision, In re Kinney, 201 Cal. App. 4th 951 (2012), the California Court of Appeal described the two actions as follows:

> The K's [Kinney and Kimberly Kempton] filed two lawsuits against the City of Los Angeles relating to the Fernwood property. One is a 'fence' case, and one involves a curb on City property. The fence case recently went to trial: the K's lost, and a judgment was entered against them on October 11, 2011. On October 28, 2011, the K's appealed from the judgment in the fence case. The K's lost the curb case in the trial court. They took two appeals in the curb case and recently lost both of them in this Court.

See id. at 957.[2]

---

[2]At the time the state court lawsuits were filed, plaintiff and Kimberly Kempton, jointly referred to as "the K's" by the Court of Appeal, co-owned the above-referenced property. See id. at 953-57.

In its pending motion, the City asserts that the allegations supporting plaintiff's federal claims are "identical to the allegations in the two lawsuits that he unsuccessfully litigated in State Court to final judgments." (See Def.'s Mot. at 4:8-11.) Based on such understanding of the factual basis for plaintiff's federal claims, the City argues, "this lawsuit would be a further appellate review by the District Court of the Court of Appeals' rulings and the denial of review by the California Supreme Court." (See id. at 4:11-14.)

Plaintiff's complaint is not a model of clarity; indeed, as the Court noted in an order addressing plaintiff's claims against two other defendants, "the factual and legal basis for plaintiff's claim(s) against the City are not clear from the complaint." (See Order, filed August 21, 2013, at 2:27-28.) Assuming the City's understanding of plaintiff's complaint is correct, however, i.e., that plaintiff's federal claims are based on the same factual allegations he raised in support of the state law claims alleged in his prior lawsuits, the City's reliance on the Rooker-Feldman doctrine is, with the one exception discussed below, misplaced.

First, as noted, the Rooker-Feldman doctrine applies where a federal court is asked to review and set aside a state court judgment. Where, as here, "a federal plaintiff presents [an] independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party[,] . . . there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." See Exxon Mobil Corp., 544 U.S. at 293 (internal quotation and citation omitted). Put another way, "[p]reclusion, not Rooker-Feldman, applies when a federal plaintiff complains of an injury that was not caused by a state court, but which the state court has previously failed to rectify." See Henrichs v. Valley View Development, 474 F.3d 609, 614 (9th Cir. 2007) (internal quotation and citation omitted).[3]

---

[3]Because the instant motion does not rely on preclusion, the Court does not address herein the merits of any such affirmative defense. See Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir.1992) (holding "party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment" and, to meet that burden, "must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated") (internal quotation and citation

The one exception concerns plaintiff's claim for injunctive relief.  (See Compl. ¶¶ 14, 42.)  To the extent plaintiff is seeking, as against the City, an order enjoining enforcement of the decisions finding him to be a vexatious litigant, on the asserted ground that the state court judges who issued those orders lacked any basis upon which to issue them (see Compl. ¶ 14; see also Compl. at 18:17-18, 23-24 (prayer for judgment "against all defendants, and each of them")), this Court, under Rooker-Feldman, lacks jurisdiction to consider such claim, see Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296-97 (1970) (holding "lower federal courts possess no power whatever to sit in direct review of state court decisions"; vacating district court order enjoining enforcement of state court order).

Lastly, the Court has considered plaintiff's request, made in his opposition, that he be afforded leave to amend to allege "additional facts."  (See Pl.'s Opp. at 8:26-28.)  Although plaintiff has not expressly identified the additional facts he would allege with respect to the City, the Court finds it appropriate, given the early stage of the proceedings, to afford plaintiff leave to amend his remaining claims.  See Fed. R. Civ. P. 15(c) (providing leave to amend "shall be freely given when justice so requires"); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (holding Rule 15's provisions must be "applied with extreme liberality") (internal quotations and citations omitted.)

In his First Amended Complaint, plaintiff is directed to set forth the factual basis for his claim that he was deprived of a federal right by the City.  As presently alleged, the factual basis for said claim cannot be clearly discerned.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state claim for relief); see also Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (holding municipality may not be held liable under § 1983 "unless action pursuant to an official municipal policy of some nature caused a constitutional tort").  Similarly, plaintiff is directed to set forth the factual

_____

omitted).

5

basis for his claim that the City conspired with others to deprive him of a federal right; again, the factual basis for said claim is unclear from the complaint. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (holding "[f]actual allegations must be enough to raise a right to relief above the speculative level"; further holding, to state a claim of conspiracy, plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement").

**CONCLUSION**

For the reasons stated above:

1. The City of Los Angeles' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

a. To the extent the complaint seeks to enjoin enforcement of orders finding plaintiff to be a vexatious litigant, the complaint is DISMISSED without leave to amend.

b. In all other respects, the motion to dismiss is DENIED.

2. Plaintiff's request for leave to amend is hereby GRANTED, and plaintiff shall file his First Amended Complaint no later than October 18, 2013. In any First Amended Complaint, plaintiffs may amend his § 1983 and § 1985 claims against the City; plaintiff may not, however, add new claims against the City or add new defendants without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

3. The Case Management Conference is hereby CONTINUED from November 15, 2013 to January 10, 2014, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than January 3, 2014.

**IT IS SO ORDERED.**

Dated: October 2, 2013

MAXINE M. CHESNEY
United States District Judge

6

Case 2:14-cv-01591-RSG-MRW   Document 122   Filed 02/27/15   Page 15 of 51   Page
Case 3:13-cv-01396-MMC   Document 43   Filed 02/23/15   Page 15 of 51   Page
ID #:1126

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES KINNEY,

        Plaintiff,

  v.

STATE BAR OF CALIFORNIA, et al.,

        Defendants.
_____/

No. C-13-1396 MMC

**ORDER GRANTING IN PART AND
DENYING IN PART CITY OF LOS
ANGELES' MOTION TO DISMISS AND
STRIKE AMENDED COMPLAINT**

     Before the Court is defendant City of Los Angeles' ("the City") Motion, filed
November 7, 2013, "to Dismiss and Strike the Amended Complaint." Plaintiff Charles
Kinney has filed opposition, to which the City has replied. Having read and considered the
papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

     In his Amended Complaint ("AC"), plaintiff alleges that, in 2005, he and "Kempton"
purchased residential property in the City, which property "abuts two public streets[,] Cedar
Lodge Terrace and Fernwood." (See AC ¶ 13). According to plaintiff, his neighbor "to the
west" is Carolyn Cooper ("Cooper"), a "high-level" City employee (see AC ¶¶ 6, 13), and his
neighbors "to the north" are Jeff and Judy Harris (collectively, the "Harrises") (see AC
¶ 13). Plaintiff alleges that, over his "objections," the City is "allowing" Cooper, the Harrises

_____

[1]By order filed December 13, 2013, the Court took the matter under submission.

Case 2:14-cv-01591-RSC-MRW Document 122 Filed 02/27/15 Page 16 of 51 Page
Case 5:13-cv-01590-MMM Document 43 Filed 02/23/15 Page 16 of 51
ID #:1127

and "others" to place "fences and trees" on "parts of the public streets Cedar Lodge

Terrace and Fernwood. (See AC ¶¶ 16, 18(a).)

Plaintiff, who is an attorney, also alleges that he filed in state court a lawsuit against

the City challenging the "nuisances [that] existed on public property including the 'sidewalk

area' of the public street Cedar Lodge Terrace." (See AC ¶ 15.) Plaintiff further alleges

that, in connection with the above-referenced lawsuit and/or other litigation, state courts

erroneously found plaintiff to be a vexatious litigant (see AC ¶¶ 8, 9, 28). Thereafter,

according to plaintiff, Cooper filed a "complaint" against him with the State Bar (see AC

¶¶ 21, 24), and the State Bar, after conducting a trial in May 2013, recommended plaintiff

be suspended from the practice of law for three years based on, inter alia, Cooper's

testimony (see AC ¶¶ 24, 25).

Based on the above allegations, plaintiff asserts two causes of action. In the First

Cause of Action, alleging violations of 42 U.S.C. § 1983, plaintiff asserts the City has

violated his Fifth and Fourteenth Amendment rights by depriving him of due process and

equal protection, based on the City's failure to remove the challenged fences and trees

(see AC ¶¶ 56-57), and has deprived him of his First Amendment rights by causing him to

"suffer[ ] penalties and deprivation of property for seeking grievances" (see AC ¶ 55(b)). In

the Second Cause of Action, alleging violations of 42 U.S.C. § 1985, plaintiff asserts the

City, through its employees, and "others" have conspired to deprive plaintiff of the federal

rights alleged in his First Cause of Action. (See AC ¶ 62.)

**DISCUSSION**

As to all of plaintiff's claims, the City seeks dismissal on the grounds that (1) the

claims are generalized grievances concerning government action, and, consequently,

plaintiff lacks standing, and (2) the claims are barred by the doctrine of res judicata.

**A. Due Process/Equal Protection Claims**

Each of plaintiff's causes of actions is based, in part, on claims that he has been

deprived of due process and equal protection by reason of the City's failure to require

certain of plaintiff's neighbors to remove fences and trees located on land owned by the

City.  The City argues plaintiff lacks standing to challenge the City's failure to require the removal of the subject fences and trees.  The Court agrees.

"A litigant raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy."  Hollingsworth v. Perry, 133 S. Ct. 2652, 2662 (2013) (internal quotation and citation omitted).  Put another way, a plaintiff "ha[s] no standing to complain simply that [his] Government is violating the law."  See Allen v. Wright, 468 U.S. 737, 755 (1984).  Rather, to establish standing, a plaintiff must demonstrate that the challenged government action or inaction has caused "harm to a concrete, personal interest" of that plaintiff.  See id. at 756.

Here, any injury resulting from the City's failure to take steps to remove fences and trees placed by others on land owned by the City is shared equally by all citizens.  Indeed, plaintiff does not allege that, by reason of the City's failure to remove fences and trees from City property, plaintiff has been subjected to any type of harm to a "concrete, personal interest."  See id.

Finally, plaintiff's request, for a further opportunity to amend, will be denied.  Plaintiff not only fails to identify any additional facts he could allege if afforded leave to amend his due process and equal protection claims, it is readily apparent that affording plaintiff such leave would be futile, as the identical issue of whether the subject fences and trees have caused particularized injury to plaintiff has been resolved against him in a prior state court action, Kempton v. City of Los Angeles, Los Angeles Super. Ct. No. BC363837.  See Castillo v. City of Los Angeles, 92 Cal. App. 4th 477, 481 (2001) (holding "[i]ssue preclusion prevents relitigation of issues argued and decided in prior proceedings") (internal quotation and citation omitted); Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (holding "[t]o determine the preclusive effect of a state court judgment, federal courts look to state law").  Specifically, in said prior state court action against the City, in which plaintiff alleged the fences and trees at issue herein were nuisances the City

was required to remove, the trial court found the fences and trees had not caused plaintiff damage "different in kind from that suffered by other members of the public," and said decision was affirmed on appeal. (See Def.'s Req. for Judicial Notice, filed November 7, 2013, first exhibit at 2; see also id., first exhibit at 5-7 (rejecting as unsupported by any evidence plaintiff's allegations that the fences and trees impaired the value of plaintiff's property or otherwise negatively affected his ability to use his property).)[2]

Accordingly, the First and Second Causes of Action, to the extent such causes of action are based on a deprivation of due process and equal protection, are subject to dismissal, without further leave to amend.[3]

## B. Retaliation

Each of plaintiff's two causes of actions is, in addition, based on a claim that the City, by causing plaintiff to "suffer penalties for legitimate grievances," has deprived plaintiff of his First Amendment rights. (See AC ¶ 55.) Although the "legitimate grievances" are not expressly identified in the AC, the phrase appears to be a reference to earlier lawsuits plaintiff filed against the City, and, consequently, the instant claim would appear to be based on an allegation that after plaintiff filed those lawsuits, the City took adverse action against him.[4]

Similarly, the particular adverse action(s) on which plaintiff bases his claim are not expressly identified in the AC. Nevertheless, to the extent plaintiff is relying on Cooper's testifying against him during the State Bar proceedings (see AC ¶¶ 24, 25) and the City's

---

[2]The City's request that the Court take judicial notice of the above-referenced opinion is GRANTED. See Intri-Plex, 499 F.3d at 1052 (holding district court, in ruling on motion to dismiss, may consider "matters of public record" such as judgments filed in state court).

[3]In light thereof, the Court does not address, as to plaintiff's due process and equal protection claims, the City's additional arguments in support of dismissal.

[4]The City has not argued that plaintiff fails to sufficiently allege the details of his First Amendment retaliation claim, and, consequently, the Court does not consider that issue. Cf. Sloman v. Tadlock, 21 F.3d 1462, 1465-66, 1469 (9th Cir. 1994) (affirming judgment in favor of plaintiff, where, after plaintiff campaigned in favor of certain ballot measures, plaintiff established police officer "used his official powers, specifically, his power to warn, cite, and arrest, to retaliate against [plaintiff's] exercise of his free speech rights").

"labeling [plaintiff's] property in the City computer system(s)" such that plaintiff's "requests

for City services" must be "preapproved" by the City (see AC ¶ 18(f)), the Court declines to

find at the pleading stage that plaintiff lacks standing to bring a retaliation claim, given that

such conduct would appear to be specifically directed at plaintiff, rather than the general

public.

The City next argues plaintiff's retaliation claim is barred by the doctrine of res

judicata, citing judgments entered against plaintiff in prior state court actions.  Under

California law, "[r]es judicata bars a cause of action that was or could have been litigated in

a prior proceeding if: (1) the present action is on the same cause of action as the prior

proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the

parties in the present action or parties in privity with them were parties to the prior

proceeding," see Federal Home Loan Bank v. Countrywide Financial Corp., 214 Cal. App.

4th 1520, 1527 (2013) (internal quotation and citation omitted); see also Intri-Plex, 499 F.3d

at 1052 (holding federal courts apply state law in determining preclusive effect of state

court judgment).

For purposes of the first of the above elements, a "cause of action" is "comprised of

a primary right of the plaintiff, a corresponding primary duty of the defendant, and a

wrongful act by the defendant constituting a breach of that duty."  See Mycogen Corp. v.

Monsanto Co., 28 Cal. 4th 888, 904 (2002) (holding, where plaintiff in prior action sought

remedy of specific performance against defendant for breach of contractual provision,

plaintiff's subsequent lawsuit seeking damages for breach of same provision was "same

cause of action" as alleged in prior action).  A "primary right is simply the plaintiff's right to

be free from the particular injury suffered."  See id.

Here, the City relies on prior lawsuits filed by plaintiff against the City and certain of

his neighbors.  In those complaints, plaintiff claimed injuries purportedly caused by fences

placed on public property and other conduct by neighbors, as well as the City's failure to

issue a permit to plaintiff.  (See Def.'s Req. for Judicial Notice, filed November 7, 2013, first

exhibit at 2 (describing plaintiff's claims against City arising from injury caused by "fencing

on neighboring properties"); second exhibit at 2 (describing plaintiff's claims against neighbors arising from neighbors' having engaged in "invasion[s] of plaintiffs' privacy"); third exhibit at 2 (describing plaintiff's claims against neighbors arising from neighbors' "fencing"); fourth exhibit at 2 (describing claims against City arising from denial of permit to "build a wide driveway entrance directly in front of [ ] adjoining neighbor's house").)

As noted, the basis of plaintiff's retaliation claim appears to be the City's taking adverse action against plaintiff after he filed lawsuits against the City; consequently, the instant claim would not appear to be based on the same injuries alleged in the above-referenced prior lawsuits to which the City cites. Under such circumstances, the Court finds the City has failed, at the pleading stage, to meet its burden to demonstrate that plaintiff, by seeking relief in the instant action for alleged retaliatory conduct, "seek[s] to vindicate the same primary right" as he asserted in any of the prior state court litigation. See Mycogen Corp., 28 Cal. 4th at 904; Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985) (holding defendant has burden to establish "affirmative defense of res judicata").

Accordingly, the City has failed to show the First and Second Causes of Action, to the extent such causes of action are based on retaliation, are subject to dismissal.

**CONCLUSION**

For the reasons stated above, the City's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the due process and equal protection claims in the First and Second Causes of Action, the motion is GRANTED, and said claims are DISMISSED without further leave to amend.

2. To the extent the motion seeks dismissal of the retaliation claim in the First and Second Causes of Action, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 23, 2013

MAXINE M. CHESNEY
United States District Judge

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 14-1591-PSG (MRWx)**                    Date:  March 13, 2014

Title:        Charles Kinney -v- State Bar of California, et al.

**PRESENT:**

### HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

**Shannon Reilly**                              **None Present**
**Courtroom Deputy**                         **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                             None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND/OR RECUSE JUDGE PHILIP S. GUTIERREZ [filed 3/12/2014; Docket No. 60];**

On March 12, 2014, Plaintiff Charles Kinney ("Plaintiff") filed a Motion to Disqualify and/or Recuse Judge Philip S. Gutierrez ("Motion to Disqualify"), and which was referred to this Court on March 13, 2014, pursuant to General Order 08-05 and Local Rule 72-5.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the moving papers and the arguments therein, the Court rules as follows:

Two statutes govern Plaintiff's Motion to Disqualify Judge Gutierrez:  28 U.S.C. § 144 and 28 U.S.C. § 455(a).[1]  The standard for disqualification or recusal is the same under both statutes, namely, "'[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (*per curiam*) (citation omitted).  Judicial impartiality is presumed.  *See First Interstate Bank v. Murphy*, 210 F.3d 983, 987 (9th Cir. 2000);  *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976).  The party seeking disqualification bears a "substantial burden" of showing otherwise, and affidavits in support of disqualification are strictly construed against the party seeking disqualification.  *Id.*  The affidavit must set forth "facts and reasons" establishing the judge's bias, including: material facts stated with particularity; facts that, if true, would convince a reasonable person that bias exists; and facts showing that the bias is personal, rather than judicial,

---

[1]Plaintiff also contends that Judge Gutierrez should be disqualified pursuant to 28 U.S.C. § 47, and because this case does not appear to be randomly assigned as required by General Order No. 08-05.  28 U.S.C. § 47 is not applicable, and Plaintiff has failed to produce any evidence that this case was not randomly assigned, and, in any event, this is not a basis for disqualification.

in nature. *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021-22 (N.D. Cal. 2001).

The burden of showing the requisite bias or prejudice cannot be met by simply complaining about the judge's rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). It is well-established that, when a litigant claims the existence of judicial bias, "[t]he alleged bias and prejudice . . . must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Hernandez*, 109 F.3d at 1454. Opinions formed by a judge on the basis of facts or evidence introduced during the proceedings, even when they are coupled with remarks that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," unless there is evidence of such deep-seated favoritism or antagonism as would make a fair judgment impossible. *See Liteky*, 510 U.S. at 555; *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff has not offered any facts which might lead a reasonable person to question the impartiality of Judge Gutierrez. In addition, to the extent Plaintiff believes that any of Judge Gutierrez's rulings in a prior action were erroneous, Plaintiff's claim of error would have been properly addressed through a reconsideration request and/or an appeal, not through an unsupported assertion of bias and prejudice. *See, F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001) (even though "[j]udges are known to make procedural errors and even substantive errors on occasion," any such errors are a basis for appeal, not disqualification). No proof of bias or prejudice stemming from an extrajudicial source has been presented; indeed, no proof of any bias or prejudice has been made at all. Rather, all that has been shown is Plaintiff's dissatisfaction with Judge Gutierrez's rulings in a prior action. Plaintiff has not presented any facts that would warrant the disqualification of Judge Gutierrez or the reassignment of this case to another judge.

Accordingly, Plaintiff's Motion to Disqualify is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_

Case 2:14-cv-01591-PSG-MRW   Document 122   Filed 02/27/15   Page 23 of 51   Page
ID #:1134
Case 2:14-cv-01591-PSG-MRW   Document 73   Filed 05/06/14   Page 1 of 15   Page ID #:979

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers) Order GRANTING IN PART and DENYING IN PART City Defendants' Motion to Dismiss**

Before the Court is the City Defendants' motion to dismiss the Second Amended Complaint ("SAC"). Dkt. # 68. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS the motion in part and DENIES the motion in part.

I.    Background

A.    Procedural History

On March 28, 2013, Plaintiff Charles Kinney ("Plaintiff") initiated this lawsuit in the Northern District of California by filing a complaint against: the State Bar of California (the "State Bar"); California Court of Appeal Justice Roger W. Boren ("Justice Boren"); California Superior Court Judge Luis A. Lavin ("Judge Lavin"); the City of Los Angeles (the "City"); and Does 1-20. Dkt. # 1. Plaintiff asserted causes of action for: (1) violations of his Constitutional rights, pursuant to 42 U.S.C. § 1983; (2) a conspiracy to violate his Constitutional rights, pursuant to 42 U.S.C. § 1985. *Compl.* ¶¶ 30-47. The case was assigned to Judge Maxine M. Chesney. *See* Dkt. # 5.

Plaintiff immediately moved for an *ex parte* temporary restraining order to stop the State Bar from attempting to disbar him until Plaintiff's appeals of certain court orders had been fully

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

resolved—if necessary, by the Supreme Court. Dkt. # 2. Those orders included a finding that Plaintiff was vexatious litigant. *Id.* The Court denied Plaintiff's motion. *Mar. 29, 2013 Order*.

In May 2013, the Court granted the State Bar's motion to dismiss Plaintiff's claims against it, holding that they were barred by the Eleventh Amendment. *May 9, 2013 Order*. A few months later, the Court dismissed Plaintiff's claims against Justice Boren and Judge Lavin, reasoning that the judges were immune from damages liability based on their judicial acts and that the Court was not empowered to sit in review of state court decisions. *Sept. 27, 2013 Order*.

The City first moved to dismiss the Complaint in August 2013, based on the *Rooker-Feldman* doctrine. Dkt. # 20. The Court held that the doctrine barred Plaintiff's claims to the extent he sought an injunction against the enforcement of state court orders finding him to be a vexatious litigant, but otherwise denied the City's motion. *Oct. 2, 2013 Order* 4:7-5:10. The Court granted Plaintiff leave to amend his other claims against the City. *Id.* 5:11-6:6, 6:14-6:18.

Plaintiff filed an Amended Complaint in October 2013, and the City moved to dismiss. Dkts. # 33, 37. The Court dismissed Plaintiff's claims without leave to amend to the extent they were based on his allegations that the City deprived him of due process and equal protection, finding that Plaintiff lacked standing because his complaints concerned generalized grievances about government. *Dec. 23, 2013 Order* 2:22-4:9. However, the Court found that Plaintiff had standing to pursue claims that the City had retaliated against him for filing lawsuits against the City. *Id.* 4:10-6:17.

The City answered the Amended Complaint on January 6, 2014. Dkt. # 45.

The Court entered a scheduling order on January 13, 2014, and indicated that Plaintiff could file an SAC no later than January 17, 2014. *Pretrial Preparation Order* at 2. Plaintiff filed the operative SAC on January 20, 2014, asserting claims against the City and sixteen City employees (collectively, the "City Defendants"). Dkt. # 49. Neither the Court nor the City took issue with the timeliness of the SAC. *See* Dkts. # 50, 56.

In February 2014, Judge Chesney granted the City's motion for change of venue, and transferred this case to the Central District of California. *Feb. 28, 2014 Order*. This case was assigned to this Court on March 4, 2014. Dkt. # 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Plaintiff moved to disqualify the Court. Dkt. # 60. In accordance with Local Rule 72-5 and General Order 8.05, Plaintiff's motion was referred to Judge John F. Walter. Dkt. # 61. Judge Walter denied the motion. *Mar. 13, 2014 Order*.

On March 17, 2014, the City Defendants moved to dismiss the SAC. Dkt. # 63. The Court struck the motion because it was noticed for a closed hearing date. Dkt. # 65. The City Defendants re-filed their motion on March 28, 2014. Dkt. # 68. That motion is presently before the Court.

B.    Factual Background

Plaintiff, who is an attorney, holds a 50% interest in a home in Los Angeles. *See SAC* ¶¶ 5, 14. His co-owner was his client Kimberly Kempton, who is now deceased. *See id.* Plaintiff resides in Alameda County and Orange County. *See id.*

Since 2006, Plaintiff has been embroiled in a vast litigation campaign that the California Court of Appeal has described as a "relentless assault on the good will and sensibilities of [his] hapless neighbors," *Kempton v. City of Los Angeles*, Nos. B225643C, WB227321, 2011 WL 5560183, at *1 (Cal. Ct. App. Nov. 16, 2011), and "a persistent and obsessive campaign of litigation terror against his neighbors and the City of Los Angeles." *In re Kinney*, 201 Cal. App. 4th 951, 953 (2011). Before filing this suit, Plaintiff had already sued at least four of his neighbors, the prior owner of his property, the brokers who represented that owner in the sale of the property, and the City. *See id.* at 1 n.1.

In one of their suits against the City, Plaintiff and Kempton alleged that their neighbors had improperly extended fences onto public property. *See Kempton v. City of Los Angeles*, 165 Cal. App. 4th 1344, 1346 (2008). Plaintiff and Kempton sought "damages and an injunction requiring the City to bring proceedings to force [their] neighbors to remove the fences from the City's right-of-way." *See id.* at 1347. The trial court rejected the plaintiffs' claims of emotional distress, and granted the City's motion for judgment on the pleadings, holding that the plaintiffs had failed to allege any actual injury. *See id.* The plaintiffs did not request leave to amend; instead, they appealed. *See id.*

The Court of Appeal agreed with the trial court that the plaintiffs had "not suffered cognizable monetary damages." *See id.* at 1348. However, the court reasoned that the plaintiffs might have a public nuisance claim. *See id.* Accordingly, the court remanded the case, and instructed the trial court to grant the plaintiffs leave to amend their complaint to make out a

Case 2:14-cv-01591-PSG-MRW Document 122 Filed 05/06/14 Page 4 of 15 Page ID #:882

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

claim for nuisance. *See id.* at 1350. Based on this ruling, Plaintiff claims that he and Kempton prevailed over the City, and asserts that the court "required action by [the City] to ensure that no nuisances existed on public property." *SAC* ¶ 16.

Plaintiff and Kempton amended their pleadings to add claims for public nuisance, private nuisance, and a dangerous condition. *See Kempton v. City of Los Angeles*, No. B236973, 2012 WL 6620230, at *2 (Cal. Ct. App. Dec. 19, 2012). The trial court dismissed their dangerous condition claim. *See id.* Following a trial, the court entered a judgment against the plaintiffs and in favor of the City on both nuisance claims. *See id.* The Court of Appeal affirmed. *See id.* at *2-4.

In the operative portions of the SAC—leaving aside the claims that have already been dismissed without leave to amend—Plaintiff alleges that the City and sixteen City employees, including one of his neighbors, have retaliated against him for "prevail[ing]" over the City in 2008. *SAC* ¶¶ 16, 54. Accordingly, Plaintiff contends that the City Defendants have conspired to, and have, deprived him of his rights under the First Amendment. *Id.* ¶ 56. It is not entirely clear when Plaintiff believes the City's retaliatory efforts began: in the SAC, Plaintiff alleges that the City has engaged in retaliation since June 2006, *id.* ¶ 7, but in his opposition brief, Plaintiff alleges that the City "secretly decided to retaliate against [Plaintiff] starting in about 2009." *Opp.* 7:19-7:20.

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The Court is ordinarily required to liberally interpret the pleadings of *pro se* litigants. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). As the Supreme Court has explained, "a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, that liberal standard does not apply when, as here, the *pro se* litigant is an attorney. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2011) ("[P]ro se attorneys such as Holtz typically 'cannot claim the special consideration which the courts customarily grant to *pro se* parties.'") (citation omitted); *Godlove v. Bamberger, Foreman, Oswald & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration."); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007) ("Because plaintiff is an attorney, she is not automatically subject to the very liberal standards afforded to a non-attorney *pro se* plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the court.") (citation omitted).

III.   Discussion

   A.   Local Rule 7-3

As a threshold matter, Plaintiff argues that the City Defendants failed to meet and confer before filing their motion, as required by Local Rule 7-3. *See Opp.* 4:16-4:17. Rule 7-3 provides that before filing a motion, counsel must "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. That meet and confer must take place at least seven days before any motion is filed. *Id.* If the parties are unable to resolve their differences, the moving party must include a certification in its notice of motion stating when the parties' conference took place. *Id.*

The City Defendants met and conferred with Plaintiff on March 14, 2014, before filing their first motion to dismiss the SAC. *See* Dkt. # 63 at ii:18-ii:20. The Court struck that motion because it was noticed for a closed hearing date. Dkt. # 65. The City Defendants did not meet and confer again before they re-filed their motion. *See Mot.* ii:18-ii:20; *Opp.* 3:16-3:17. The City Defendants' motions appear to be materially identical. *Compare* Dkt. # 63 *with* Dkt. # 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

The Court strictly applies Rule 7-3. However, it does not do so in an unthinking, slavish fashion. The City Defendants met and conferred with Plaintiff before filing their motion to dismiss the SAC. They were not required to meet and confer again before re-filing this motion. Rule 7-3 has been satisfied.

B.   Rule 12(g)

As a second threshold issue, Plaintiff argues that the City Defendants' motion is barred by Federal Rule of Civil Procedure 12(g), because it is based on issues that the City raised or could have raised in its prior motions to dismiss. *See Opp.* 1:26-1:28, 4:9-4:15. The City Defendants counter that they could not have raised their present arguments in the City's earlier motions. *See Reply* 2:24-3:18.

The City's argument is unnecessarily narrow. "Courts in this Circuit . . . permit[ ] defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available." *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012) (collecting cases). Because Plaintiff chose to file an SAC, the City is free to reassert arguments it made in its previous motions, and to raise arguments that it could have raised.

Plaintiff's argument does not apply to the individual City Defendants, who were not named as parties in Plaintiff's earlier complaints.

C.   Immunity for Government Attorneys

The City Defendants claim that individual City Defendants Feuer, Trutanich, Langsfeld, McWilliams, Nocas, and Pfann (the "City Attorney Defendants") are entitled to absolute immunity because the allegations against them are based on their acts as government attorneys. *See Mem.* 11:5-11:12 & n.5. In support of this argument, City Defendants cite the Supreme Court's statement in *Imbler v. Pachtman*, 424 U.S. 409 (1976), that "prosecutor[s] enjoy[ ] absolute immunity from § 1983 suits for damages when [they] act within the scope of [their] prosecutorial duties," *id.* at 420, and assert—without any authority—that they are entitled to the same immunity because they are being sued for their acts in defense of the City, as government attorneys. *See Mem.* 11:8-11:12 & n.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|----------|----------------------|------|-------------|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

In the past, the Supreme Court and the Ninth Circuit have extended *Imbler* beyond the scope of prosecutorial actions in criminal cases. *See Butz v. Economou*, 438 U.S. 478, 515 (1978) (granting absolute immunity to certain agency officials in administrative proceedings); *Fry v. Melaragno*, 939 F.2d 832, 836-38 (9th Cir. 1991) (granting absolute immunity to IRS attorneys who prosecuted civil tax-collection lawsuit); *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976) (same). In *Flood* and *Fry*, the Ninth Circuit further stated that absolute immunity extended to *all* government attorneys, to the extent their conduct was "intimately associated with the judicial phases" of litigation. *See Fry*, 939 F.2d at 837 ("Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'") (quoting *Butz*, 438 U.S. at 512); *Flood*, 532 F.2d at 1251 ("Nor do we see any significant reason to distinguish actions involving civil claims from those underlying criminal prosecution."). However, the Ninth Circuit recently revisited the issue of immunity for government attorneys in *Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013), and reasoned that government attorneys who were being sued based on civil litigation were only entitled to absolute immunity to the extent that their actions were "analogous to those of a prosecutor." *See id.* at 811-12.

The City Defendants have not made any attempt to argue that the actions of the City Attorney Defendants, as pleaded in the SAC, can be analogized to the actions of prosecutors. As a result, the Court is not persuaded that the City Attorney Defendants are entitled to absolute immunity. *See id.*

D.    Plaintiff's § 1983 Claims

    i.    *Against the Individual City Defendants*

To make out a claim for violation of § 1983, Plaintiff must show that each Defendant deprived Plaintiff of rights secured by the Constitution or federal law, while acting under color of law. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313 (9th Cir. 1989). In the context of this case, because Plaintiff is alleging that the City Defendants retaliated against him based on his lawsuits against the City, Plaintiff must also show that: (1) the individual City Defendants' acts "would chill or silence a person of ordinary firmness from future First Amendment activities," *see Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012) (en banc) (internal quotation marks and citations omitted); and (2) that "deterrence was a substantial or motivating factor in [the defendant's] conduct." *Id.* (internal quotation marks and citation omitted); *see Soranno's Gasco, Inc.*, 874 F.2d at 1314. Plaintiff must "allege facts ultimately

Case 2:14-cv-01591-PSG-MRW   Document 122   Filed 02/27/15   Page 30 of 51   Page
ID #:1141
Case 2:14-cv-01591-PSG-MRW   Document 81   Filed 05/06/14   Page 8 of 15   Page ID #:986

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

enabling him to prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation." *See Lacey*, 693 F.3d at 917 (internal quotation marks and citations omitted).

The City Defendants argue that the SAC does not plead how any of the individual City Defendants retaliated against Plaintiff. *See Mem.* 7:17-7:20, 9:21-11:3. The Court interprets that argument as an assertion that Plaintiff has not adequately pleaded that any of the individual City Defendants engaged in acts that "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.

There are two acts pleaded in the SAC that could plausibly meet that standard: Defendant Cooper's alleged complaints to the State Bar, and Defendant Tanijiri's alleged designation of Plaintiff's property for additional scrutiny.

Defendant Carolyn Cooper is "a high-level employee in the [City] office of the Chief Administrative Officer." *See SAC* ¶ 7(a). She is also Plaintiff's neighbor. *See id.* Plaintiff alleges that Cooper has, among other things, "used [City] resources and work time . . . to complain about Plaintiff to the [State Bar] . . . in an effort to have Plaintiff disbarred." *Id.* Specifically, Plaintiff alleges that in April 2012, Cooper sent an email to the State Bar claiming that Plaintiff "had made 'untruths and misleading statements.'" *Id.* ¶ 7(a); *see also id.* ¶ 22. Plaintiff alleges that Cooper made her complaints to retaliate against Plaintiff. *Id.* ¶ 7(a). More broadly, Plaintiff asserts that Cooper "has sought and obtained special treatment and/or favors from [City] employees and others regarding obstructions built by her and/or in the public right(s)-of-way, and/or her violations of zoning and/or building codes, to the detriment of Plaintiff." *Id.*

Defendant Wesley Tanijiri is a City engineer. *See id.* ¶ 7(e). Plaintiff alleges that Tanijiri "caused to be placed or participated in placing a large 'X' on the computer screen for Plaintiff's property in Los Angeles to warn other [City] employees that any permits by Plaintiff are subjected to closer and/or improper scrutiny." *Id.* According to Plaintiff, the "X" recorded in the City's computer systems means that Plaintiff's "requests for [City] services and/or permits must be preapproved by or reviewed by certain [City] employees such as [Deputy City Attorney Peter Langsfeld] and/or [Tanijiri]." *Id.* ¶ 19(f). Plaintiff asserts that Tanijiri designated Plaintiff's property with an "X" to retaliate against Plaintiff. *Id.* ¶ 7.

Plaintiff also alleges that Tanijiri: (1) authored or assisted in authoring certain letters regarding Plaintiff's requests for driveway permits; (2) issued a permit allowing a sidewalk to be

Case 2:14-cv-01591-PSG-MRW Document 112 Filed 05/06/14 Page 9 of 15 Page ID #:987

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

built in front of Plaintiff's property, which Plaintiff alleges did not comply with City regulations and guidelines; and (3) "has granted, agreed to grant, or failed to sufficiently protest granting [Cooper] special treatment and/or favors regarding obstructions built by her and/or in the public right(s)-of-way, to the detriment of Plaintiff." *Id.* ¶ 7(f).

The City Defendants' arguments regarding the key allegations against Cooper and Tanijiri are wholly unpersuasive.

The City Defendants attempt to characterize the SAC as alleging that Cooper made misleading statements to the State Bar about Plaintiff's statements concerning "fences, structures, trees, and public sidewalks." *See Mem.* 4:10-4:16. The City Defendants muse that "[h]ow these facts are of any interest to the State Bar is unexplained." *See id.* 4:16-4:17. In truth, the SAC alleges that Cooper complained to the State Bar that *Plaintiff* made false and misleading statements about public sidewalks, in an effort to have Plaintiff disbarred. *SAC* ¶ 7(a). Although the State Bar may not care about the subject matter of an attorney's alleged false statements, the State Bar cares a great deal about attorneys' "untruths and misleading statements." *See id.* The State Bar took Plaintiff to trial based in part on Cooper's complaints, and the State Bar court recommended that Plaintiff be suspended from the practice of law for three years. *See id.* ¶¶ 24-26. The Court is persuaded that a retaliatory complaint to the State Bar "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.[1]

The City Defendants' argument regarding Tanijiri is even weaker. The City Defendants recognize that Plaintiff "alleges that Mr. Tanijiri caused a large 'X' to be placed on a computer screen." *See Mem.* 6:1-6:3. Mystifyingly, the City Defendants claim that Plaintiff "has not alleged how, if at all, that 'X' constituted a retaliatory act by Tanijiri." *See id.* 6:2-6:4. The SAC alleges that the "X" recorded in the City's computer systems singled out Plaintiff's property for special scrutiny, and meant that any requests Plaintiff made for City services or permits had to be preapproved or reviewed by certain City employees. *See SAC* ¶¶ 7(e), 19(f). Although these allegations are somewhat vague, the gravamen of Plaintiff's SAC is clear:

---

[1] The City Defendants also argue that California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, "protects the valid exercise of free speech." *Mem.* 4:17-4:20. Section 425.16 allows defendants to file special motions to strike litigation designed to chill certain speech. However, the City Defendants have not filed any such motion. Accordingly, the Court does not address § 425.16 here, and does not express any view as to whether Plaintiff's claim against Cooper is subject to a special motion to strike under § 425.16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Tanijiri's actions meant that it was more difficult for Plaintiff to obtain permits and City services. It is plausible that such targeting "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.

For the reasons above, the Court concludes that Plaintiff has stated § 1983 claims against Cooper and Tanijiri based on: (1) the allegation that Cooper retaliated against Plaintiff by making complaints to the State Bar in an effort to have Plaintiff disbarred; and (2) the allegation that Tanijiri retaliated against Plaintiff by designating Plaintiff's property in the City's computer systems in manner that meant that Plaintiff's requests for City services or permits had to be preapproved or reviewed by certain City employees.

The Court, on the other hand, is not persuaded that the SAC adequately pleads any acts of retaliation by the other individual City Defendants.

Some of Plaintiff's allegations are vague and conclusory, and must be disregarded in the motion to dismiss analysis. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556-57. The Court will not consider Plaintiff's boilerplate allegations that individual Defendants "granted, agreed to grant, or failed to sufficiently protest granting [Cooper] special treatment and/or favors regarding obstructions built by her and/or in the public right(s)-of-way, to the detriment of Plaintiff." *See SAC* ¶ 7(b) (against Perez), ¶ 7(c) (against Jackson), ¶ 7(d) (against White), ¶ 7(f) (against Behdin), ¶ 7(g) (against Harris), ¶ 7(h) (against Moore), ¶ 7(i) (against Strazzella), ¶ 7(j) (against Kamachi-Lazaro), ¶ 7(k) (against Langsfeld), ¶ 7(l) (against Trutanich), ¶ 7(m) (against Pfann), ¶ 7(n) (against Nocas), ¶ 7(o) (against Feuer), ¶ 7(p) (against McWilliams).

The SAC's other allegations concerning retaliation are summarized as follows.

Defendant Perez, an inspector in the City's "Bureau of Streets and Sidewalks" ("BSS"), issued Cooper (and one of Plaintiff's other neighbors) a notice to abate a nuisance due to an obstructing fence and vegetation in the public right-of-way. *See id.* ¶ 7(b). Perez met with Cooper, Defendants Jackson and White (his superiors in BSS), and others concerning the notice to abate. *See id.* ¶ 7(b)-(d). Plaintiff claims that White, the chief of BSS, granted Cooper special treatment by failing to enforce the notice. *See id.* ¶ 7(d).

Defendant Behdin, a supervising City engineer, supervised Tanijiri, wrote two letters regarding one of Plaintiff's permit requests, and "participated in" other letters regarding Plaintiff's driveway. *See id.* ¶ 7(f). Defendant Harris, who worked in BSS's investigation and enforcement division, received one of Behdin's letters. *See id.* ¶ 7(g). Defendant Kamachi-

Case 2:14-cv-01591-PSG-MRW Document 122 Filed 02/27/15 Page 33 of 51 Page
ID #:1144
Case 2:14-cv-01591-PSG-MRW Document 74 Filed 05/06/14 Page 11 of 15 Page ID #:989

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Lazaro, a City engineer, issued a permit for a sidewalk in front of Plaintiff's property. *See id.*
¶ 7(j). Defendant Moore, who was the City Engineer, supervised Tanijiri, Behdin, and Kamachi-
Lazaro. *See id.* ¶ 7(h).

Defendant Strazzella, who worked for the City Bureau of Contract Administration,
received copies of two letters authored by Tanijiri. *See id.* ¶ 7(i).

Defendant Langsfeld, a Deputy City Attorney, has defended the City in Plaintiff's
lawsuits and submitted a declaration in a related civil case. *See id.* ¶ 7(k). Defendants
McWilliams, Nocas, and Pfann, who were also Deputy City Attorneys, signed documents in
Plaintiff's cases against the City. *See id.* ¶ 7(m)-(n), ¶ 7(p). Defendants Trutanich and
Feuer—respectively, the former City Attorney and the City Attorney—supervised Langfeld and
signed documents in Plaintiff's cases against the City. *See id.* ¶ 7(l), ¶ 7(o).

After reviewing the entire SAC, and considering the context for Plaintiff's allegations, the
Court is not persuaded that any of these acts "would chill or silence a person of ordinary
firmness from future First Amendment activities." *See Lacey*, 693 F.3d at 916.

Accordingly, Plaintiff's § 1983 claims against Defendants Perez, Jackson, White, Behdin,
Harris, Kamachi-Lazaro, Moore, Strazzella, Langsfeld, McWilliams, Nocas, Pfann, Trutanich,
and Feuer are DISMISSED.

      *ii.   Against the City*

A municipal government is subject to liability under § 1983 only when a constitutional
violation results from its policies or customs. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,
694 (1978). A policy may be either "explicitly adopted" or "tacitly authorized," *Gibson v.
United States*, 781 F.2d 1334, 1337 (9th Cir. 1986), so long as "the decision to adopt that
particular course of action is properly made by that government's authorized decisionmakers."
*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). A custom may exist where there is "a
widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage'
with the force of law." *Gillette v. Delmore*, 979 F.2d 1342, 1348-49 (9th Cir. 1992) (citation
omitted) (alteration in original).

Although Plaintiff repeatedly alleges that the City has engaged in an "ongoing and
improper custom, policy, and/or practice," it is not entirely clear what Plaintiff believes that
custom, policy, or practice is. *See, e.g., SAC* ¶ 18. Plaintiff argues in his opposition brief that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

the City "has been actively or improperly defending private property wrongdoers (who want exclusive and thus illegal use of public streets) with public funds from [December] 2006 onward. That has prevented [Plaintiff], a citizen of the United States, from using public property." *Opp.* 8:18-8:21. The Court will accept that statement of the City's policy as if it was pleaded in the SAC.

Plaintiff has not pleaded that the alleged policy was explicitly adopted or tacitly authorized by the City's authorized decisionmakers. *See Pembaur*, 475 U.S. at 481. The Court is also not persuaded that the City's alleged policy is "widespread," and "so permanent and well-settled as to constitute a 'custom or usage' with the force of law," given that it appears to be limited to Plaintiff and his neighbors. *See SAC* ¶ 19; *Gillette*, 979 F.2d at 1348-49. As a result, the Court finds that Plaintiff has not adequately pleaded his § 1983 claim against the City under *Monell*, 436 U.S. at 694.

Plaintiff's § 1983 claim against the City is DISMISSED.

E.     Plaintiff's § 1985 Claims

To state a claim under § 1985(3)—the only part of § 1985 that might reasonably apply here—a plaintiff must plead:

(1) a conspiracy; (2) for the purpose of depriving, either directly, or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992) (quoting *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)). To satisfy the second required element, a plaintiff must show that the alleged deprivation of rights was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001). The Ninth Circuit has held that § 1985(3) "is extended beyond race 'only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" *Sever*, 978 F.2d at 1536 (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)). The Ninth Circuit has also

Case 2:14-cv-01591-PSG-MRW Document 77 Filed 05/06/14 Page 13 of 15 Page ID #:991

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

explained that the class of "individuals who wish to petition the government" is not protected under § 1985(3). *See id.* at 1538.

Plaintiff has not alleged that the City Defendants' alleged conspiracy was motivated by a racial or class-based discriminatory animus. Nor does it appear that he could, in light of the Ninth Circuit's holding in *Sever*. Accordingly, Plaintiff's § 1985 claims are DISMISSED.

F.     <u>Statute of Limitations</u>

The City Defendants argue that Plaintiff's claims are barred by the statute of limitations. *See Mem.* 3:15-4:8.

Because the statute of limitations is an affirmative defense, courts address it at the motion to dismiss stage only to the extent that limitations issues are apparent on the face of the complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

Section 1983 does not contain a statute of limitations. As a result, courts borrow the state limitations periods applicable to personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In California, that limitations period is two years. *See* Cal. Civ. Proc. Code § 335.1; *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). The statute of limitations under § 1983 begins to run when the plaintiff's cause of action accrues, which is when the plaintiff knows or has reason to know of his injury. *See Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

The City argues that Plaintiff must have known about his injuries when he filed suit against the City in 2006 and 2009. *See Mem.* 7:22-9:19. However, that argument relates to the claims Plaintiff asserted in his earlier lawsuits against the City, rather than the alleged acts of retaliation that give rise to Plaintiff's remaining claims in this case. The City does not address Plaintiff's knowledge of the retaliatory acts allegedly committed by Cooper and Tanijiri.

It is not entirely clear from the SAC when Plaintiff knew about or should have known about Cooper's and Tanijiri's alleged actions. Plaintiff alleges that Cooper complained to the State Bar within the past two years. *See SAC* ¶ 7(a). Plaintiff would have learned about those complaints no later than May 2013, when the State Bar took his suspension case to trial. *See id.* ¶ 24. There are no indications in the SAC as to when Tanijiri marked Plaintiff's property with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

an "X" in the City's computer systems, or when Plaintiff learned about that designation.  *See id.* ¶ 7(e).

In short, the allegations in the SAC do not indicate that the statute of limitations has run for Plaintiff's § 1983 claims against Cooper and Tanijiri.

G.     Leave to Amend

In determining whether leave to amend is warranted, the Court considers:  (1) a party's bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended his complaint.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  When a plaintiff has previously been granted leave to amend and has subsequently failed to add the necessary particularity to his claims, "[t]he district court's discretion to deny leave to amend is particularly broad."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted).

Plaintiff has already amended his pleadings twice.  *See* Dkts. # 33, 49.  As a result, the Court's discretion to deny leave to amend is broad.  *See Zucco Partners*, 552 F.3d at 1007.  This case has been in litigation for over a year.  *See* Dkt. # 1.  Allowing Plaintiff an additional chance to plead his claims would result in undue delay and would prejudice the defendants.

Plaintiff claims he has additional facts he can plead if granted leave to amend.  *See Opp.* 9:27-10:10.  However, the only two *concrete* allegations he cites are:  (1) a claim that the City caused one of his state court appeals to be transferred between appellate divisions; and (2) a claim that Justice Boren assigned one of Plaintiff's state court appeals to his division.  *See id.* 10:3-10:10.  Plaintiff does not allege that the City's act was done pursuant to a custom, policy, or practice, and Justice Boren has already been dismissed from this case.  As a result, Plaintiff's contemplated amendments would be futile.

Under the circumstances, the Court finds it appropriate to deny Plaintiff any further leave to amend.

IV.     Conclusion

For the reasons above, the City Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#68/69**

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | May 6, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Plaintiff's claims under § 1983 are DISMISSED, without leave to amend, with the exception of:

(1)    Plaintiff's claims against Defendant Cooper related to Cooper's allegedly retaliatory complaints to the State Bar; and

(2)    Plaintiff's claims against Defendant Tanijiri related to Tanijiri's allegedly retaliatory designation of Plaintiff's property in City records for special scrutiny.

Plaintiff's claims under § 1985 are DISMISSED, without leave to amend.

**IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | | Date | September 10, 2014 |
|---|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Defendant Cooper's Motion for Judgment on the Pleadings**

Before the Court is Defendant Carolyn Cooper's ("Cooper") motion for judgment on the pleadings. Dkt. # 84. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS the motion and dismisses Plaintiff's claim against Defendant Cooper without leave to amend.

I.    Background

A.    Procedural History

On January 20, 2014, Plaintiff Charles Kinney ("Plaintiff") filed the operative Second Amended Complaint ("SAC") asserting claims against the City of Los Angeles and sixteen City employees, including Cooper, for: (1) violations of his Constitutional rights, pursuant to 42 U.S.C. § 1983; and (2) conspiracy to violate his Constitutional rights, pursuant to 42 U.S.C. § 1985. *SAC* ¶¶ 48-66.

On May 6, 2014, the Court granted in part and denied in part Defendants' motion to dismiss the SAC. Dkt. # 73. The Court dismissed Plaintiff's § 1985 claims without leave to amend. *See May 6, 2014 Order*. The Court also dismissed Plaintiff's § 1983 claims without leave to amend, except for: (1) Plaintiff's claims against Cooper related to Cooper's allegedly retaliatory complaints to the State Bar; and (2) Plaintiff's claims against Defendant Wesley

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | September 10, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Tanijiri related to Tanijiri's allegedly retaliatory designation of Plaintiff's property in City records for special scrutiny. *See id.*

Cooper now moves for a judgment on the pleadings with respect to the remaining claim against her. Dkt. # 84. She contends that she is entitled to a judgment on the pleadings because she is absolutely immune from liability based on her complaint to the State Bar and her testimony before the State Bar.[1] *See Mem.* 7:1-9:24.

### B.   Factual Background

The Court and the parties are already familiar with the background of this case, which is discussed at length in the Court's prior order. *See May 6, 2014 Order.* The Court will only discuss the allegations pertinent to this motion.

Plaintiff and Cooper have been engaged in a long-running dispute concerning a fence on Cooper's property. *See SAC.* Plaintiff, who is an attorney, alleges that Cooper retaliated against him by filing a complaint with the State Bar, alleging that Plaintiff had made "untruths and misleading statements" in the course of their dispute. *See id.* ¶ 7(a). The State Bar initiated a suspension proceeding against Plaintiff as a result of complaints made by Cooper and Ken Smedberg, both opposing litigants in civil actions filed by Plaintiff. *See id.* ¶ 25. Cooper testified against Plaintiff at his trial, and the State Bar subsequently issued an order suspending Plaintiff from the practice of law for three years. *See id.* ¶ 26. Plaintiff is appealing that order. *See id.*

## II.   Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). When considering a Rule 12(c) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Although detailed factual allegations are

---

[1] In her papers, Cooper discusses an anti-SLAPP motion pursuant to California Code of Civil Procedure § 425.16, but the Court does not believe she is moving to strike under California's anti-SLAPP statute. *See Mem.* 7:5-9:24; *Mot.* ii:1-ii:15.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | September 10, 2014 |
|----------|------------------------|------|--------------------|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

not required to survive a Rule 12(b)(6) motion for judgment on the pleadings, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.  *See Chavez*, 683 F.3d at 1108.

III.   Discussion

A.   Cooper's Motion for Judgment on the Pleadings is Not Procedurally Barred

As a threshold matter, Plaintiff argues that Cooper's motion is barred by Federal Rule of Civil Procedure 12(g)(2) because it is based on issues that Cooper raised or could have raised in her prior motion to dismiss.  *See Opp.* 1:24-3:2.  Cooper counters that she could not have raised her present argument in earlier motions.  *See Reply* 3:25-4:5.

Cooper's argument is unnecessarily narrow.  Rule 12(g)(2) generally bars parties from asserting second Rule 12 motions that they could have raised in an earlier motion.  However, it explicitly excepts certain motions from that prohibition, including motions for judgment on the pleadings filed under Rule 12(c).  *See* Fed. R. Civ. P. 12(g)(2), (h)(2)(B).

Accordingly, Cooper's motion under Rule 12(c) is not procedurally barred.

B.   Cooper Is Entitled to Absolute Immunity

The common law has historically recognized that witnesses who testify at trial are entitled to absolute immunity from civil liability with respect to their testimony.  *See Briscoe v. LaHue*, 460 U.S. 325, 330-33 (1983).  In accordance with this principle, federal courts have consistently held that "§ 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding."  *See id.* at 329; *see also Rehberg v. Paulk*, 132 S. Ct. 1497, 1505 (2012); *Franklin v. Terr*, 201 F.3d 1098, 1099 (9th Cir. 2000); *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978) ("For reasons of public policy, those who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based upon their words, whether perjurious or not.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | September 10, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Although some courts have limited absolute witness immunity to testimony at trial, the Ninth Circuit has extended absolute witness immunity to adversarial non-trial proceedings. *See*, *e.g.*, *Burns v. County of King*, 883 F.2d 819, 822 (9th Cir. 1989) (extending absolute immunity to social worker's affidavit used at bail revocation hearing); *Holt v. Castaneda*, 832 F.2d 123, 125 (9th Cir. 1987) (extending absolute immunity to a police officer's allegedly perjurious testimony at a pretrial hearing). The Ninth Circuit has reasoned that this extension of absolute immunity is warranted when there are "checks [that] 'undermine[ ] the argument that the imposition of civil liability is the only way to prevent a witness from inflicting constitutional injury through false testimony.'" *Holt*, 832 F.2d at 125; *see Burns*, 883 F.2d at 823. Such checks may include the "supervision of a judge, the possibility of prosecution for perjury . . . the opportunity for cross-examination," and an opportunity for the accused to "refute the statements" made against him. *See Burns*, 883 F.2d at 823. Not every check must be present for absolute witness immunity to apply. *See id.* at 822. In *Burns*, for instance, the Ninth Circuit held that a social worker who submitted an affidavit at defendant's bail revocation hearing was afforded absolute immunity even though the affidavit was not subject to cross-examination because "Burns was entitled to present affidavits and witnesses of his own to refute [these] statements[.]" *Id.* at 823.

While there are no Ninth Circuit cases directly on point, the Ninth Circuit's analysis of the law concerning witness immunity indicates that it applies to witness testimony in adversarial State Bar proceedings. State Bar suspension proceedings are adversarial in nature and subject to many of the same checks discussed by the Ninth Circuit in *Burns*. Attorneys facing suspension may subpoena witnesses, examine and cross-examine witnesses, and submit evidence in their defense. *See Emslie v. State Bar*, 11 Cal. 3d 210, 224-26 (1974). Here, Plaintiff contends that he did not have the opportunity to cross-examine Cooper regarding her complaint to the State Bar. *See Opp.* 7:21-25, 8:10-13. Even assuming that is true, the Ninth Circuit's decision in *Burns* shows that this does not preclude the application of absolute immunity, particularly where Plaintiff had the opportunity to offer contrary evidence and testimony. *See Burns*, 883 F.3d at 823. *Accord Emslie*, 11 Cal. 3d at 226 (explaining that State Bar proceedings "provide a wide array of procedural safeguards in addition to those otherwise provided by statute or the courts"). Thus, the Court finds that Cooper is entitled to absolute immunity for her testimony before the State Bar.

Plaintiff contends that Cooper is not entitled to absolute immunity because she "is not a judge, not a prosecuting attorney, and not part of the State Bar." *Opp.* 6:16-6:19. However, he has not cited any authority for the proposition that absolute witness immunity is limited to

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | September 10, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

judges, prosecuting attorneys, and the State Bar. Moreover, that view of the law is inconsistent with *Burns* and *Holt*.

Plaintiff also argues that even if Cooper is entitled to immunity for her testimony at his State Bar trial, she is not entitled to immunity for her initial complaint to the State Bar. *See Opp.* 7:17-7:20, 8:7-8:13. The Court disagrees.

Courts have consistently held that absolute witness immunity is not limited to oral testimony. *See Burns*, 883 F.2d at 822 (extending absolute immunity to social worker's affidavit used at bail revocation hearing); *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1987) (holding that absolute witness immunity "extends beyond oral testimony" and covers "reports and recommendations to the family court"). Cooper's written testimony to the State Bar in the form of a complaint is analogous to the affidavit in *Burns*, which was protected by witness immunity.

Some courts have held that complaining witnesses are not entitled to absolute immunity, but that reasoning has generally been limited to cases involving "the common law cause of action for malicious prosecution." *See Curtis v. Bembenek*, 48 F.3d 281, 285-86 (7th Cir. 1995); *see also Malley v. Briggs*, 475 U.S. 335, 340-41 (1986); *Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 512 (5th Cir. 1992); *White v. Frank*, 855 F.2d 956, 960-61 (2d Cir. 1988). However, to state a claim for malicious prosecution, the plaintiff must allege: (1) "malice"; (2) "the absence of probable cause for the proceeding"; and (3) "termination of the proceeding in favor of the plaintiff." *Curtis*, 48 F.3d at 286. Here, Plaintiff has not alleged that the State Bar proceeding terminated in his favor. To the contrary, the SAC states that the State Bar suspended Plaintiff from practice for three years. *See SAC* ¶¶ 25-26. As a result, the malicious prosecution carve-out for absolute witness immunity is not applicable here. *See Curtis*, 48 F.3d at 287 (holding that defendant was absolute immune from liability based on a false complaint because the proceeding did not terminate in the plaintiff's favor). Accordingly, the Court finds that Cooper is entitled to absolute immunity for both her testimony and her initial complaint to the State Bar.

C.    <u>Leave to Amend</u>

The Court generally grants leave to amend any dismissed claims unless it is clear that they could not be saved by any amendment. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F. 3d 1053, 1061 (9th Cir. 2004). In determining whether leave to amend is warranted, the Court considers: (1) a party's bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1591 PSG (MRWx) | Date | September 10, 2014 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

whether the plaintiff has previously amended its complaint.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

When a plaintiff has previously been granted leave to amend and has subsequently failed to add the necessary particularity to his claims, "[t]he district court's discretion to deny leave to amend is particularly broad."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted).

Plaintiff has already amended his pleadings twice.  *See* Dkts. # 33, 49.  As a result, the Court's discretion to deny leave to amend is broad.  *See Zucco Partners*, 552 F.3d at 1007.  This case has been in litigation for over a year.  *See* Dkt. # 1.  Allowing Plaintiff an additional chance to plead his claims would result in undue delay and would prejudice Cooper.

Allowing leave to amend would also be futile.  Plaintiff has requested leave to amend, but it appears that he only wishes to add allegations showing that Cooper sent more than one email to the State Bar.  *See id.*  That amendment would be meritless, as the number of emails Cooper sent is irrelevant.  Plaintiff has not offered any allegations showing that Cooper did anything but offer testimony to the State Bar, or suggesting that the State Bar proceeding terminated in his favor.  As a result, even if Plaintiff were granted leave to amend, Cooper would still be entitled to absolute immunity.

Under the circumstances, the Court finds it appropriate to deny Plaintiff any further leave to amend.

IV.  <u>Conclusion</u>

For the reasons stated above, Defendant Cooper's motion for judgment on the pleadings is GRANTED.  Plaintiff's claims against Cooper are DISMISSED, without leave to amend.

**IT IS SO ORDERED.**

Case 2:14-cv-01591-PSG-MRW   Document 122   Filed 02/27/15   Page 44 of 51   Page ID #:1155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |
|----------|------------------------|------|------------------|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|-----------------|--------------|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     **Order GRANTING Defendant's Motion for Summary Judgment**

Before the Court is Defendant Wesley Tanijiri's ("Tanijiri" or "Defendant") motion for summary judgment. *See* Dkt. # 106. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS the motion.

I.   Background

   A.   Procedural History

Plaintiff Charles Kinney ("Plaintiff") initiated this lawsuit on March 28, 2013, naming the State Bar of California, the City of Los Angeles (the "City"), and two state court judges as defendants. *See* Dkt. # 1. On January 20, 2014, Plaintiff filed the operative Second Amended Complaint ("SAC") asserting claims against the City and sixteen City employees, including Tanijiri, for: (1) violations of his Constitutional rights, pursuant to 42 U.S.C. § 1983; and (2) conspiracy to violate his Constitutional rights, pursuant to 42 U.S.C. § 1985. *SAC* ¶¶ 48-66.

On May 6, 2014, the Court granted in part and denied in part Defendants' motion to dismiss the SAC. Dkt. # 73 [*May 6, 2014 Order*]. The Court dismissed Plaintiff's § 1985 claims without leave to amend. *Id.* The Court also dismissed Plaintiff's § 1983 claims without leave to amend, except for: (1) Plaintiff's claims against Tanijiri related to his allegedly retaliatory designation of Plaintiff's property in City records for special scrutiny; and (2) Plaintiff's claims against Carolyn Cooper ("Cooper") related to her allegedly retaliatory complaints to the State Bar. *See id.*

On September 10, 2014, the Court granted Cooper's motion for judgment on the pleadings. *See* Dkt. # 98. Thus, Plaintiff's § 1983 claim against Tanijiri is the last remaining claim against the last remaining defendant in this lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |

| Title | Charles Kinney v. State Bar of California, *et al.* |

Tanijiri now moves for summary judgment on the § 1983 claim against him.  Dkt. # 106.

B.      Factual Background

Plaintiff, who is an attorney, holds a 50% interest in a home in Los Angeles (the
"Fernwood property").[1]  *See SAC* ¶¶ 5, 14.  His co-owner was his client Kimberly Kempton
("Kempton"), who is now deceased.  *See id.*  Since 2006, Plaintiff has been embroiled in a vast
litigation campaign that the California Court of Appeal has described as a "relentless assault on
the good will and sensibilities of [his] hapless neighbors," *Kempton v. City of Los Angeles*, Nos.
B225643C, WB227321, 2011 WL 5560183, at *1 (Cal. Ct. App. Nov. 16, 2011), and "a
persistent and obsessive campaign of litigation terror against his neighbors and the City of Los
Angeles."  *In re Kinney*, 201 Cal. App. 4th 951, 953 (2011).  In the last remaining claim in this
case, Plaintiff alleges that Tanijiri has retaliated against him for "prevail[ing]" over the City in
one of those lawsuits, in violation of his First Amendment rights.  *See SAC* ¶¶ 16, 54, 56; *Opp.*
2:27-3:2.

        i.      The Retaliatory Impetus

In the lawsuit that allegedly motivated retaliatory acts by Tanijiri, Plaintiff and Kempton
asserted that their neighbors had improperly extended fences onto public property.  *See Kempton
v. City of Los Angeles*, 165 Cal. App. 4th 1344, 1346 (2008).  Plaintiff and Kempton sought
"damages and an injunction requiring the City to bring proceedings to force [their] neighbors to
remove the fences from the City's right-of-way."  *See id.* at 1347.  The trial court granted the
City's motion for judgment on the pleadings, holding that the plaintiffs had failed to allege any
actual injury.  *Id.*  The plaintiffs appealed.

The Court of Appeal agreed with the trial court that the plaintiffs had "not suffered
cognizable monetary damages."  *See id.* at 1348.  However, the court reasoned that the plaintiffs
might have a public nuisance claim and remanded the case, instructing the trial court to grant the
plaintiffs leave to amend their complaint to make out a claim for nuisance.  *See id.* at 1348,
1350.  Based on this ruling, Plaintiff claims that he and Kempton "prevailed" over the City and
asserts that the court "required action by [the City] to ensure that no nuisances existed on public
property."  *SAC* ¶ 16.  The ruling issued on August 13, 2008.  *See Kempton*, 165 Cal. App. 4th
1344.[2]

---

[1] Recently, on December 12, 2014, the Review Department of the State Bar of California
recommended that Plaintiff be disbarred.  *See* Dkt. # 118.
[2] Plaintiff and Kempton amended their pleadings to add claims for public nuisance, private
nuisance, and a dangerous condition.  *See Kempton v. City of Los Angeles*, No. B236973, 2012
WL 6620230, at *2 (Cal. Ct. App. Dec. 19, 2012).  After dismissing the dangerous condition

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

     ii.    *Tanjiri's Alleged Retaliation*

     Tanijiri is a Civil Engineer who has worked continuously for the City of Los Angeles, Department of Public Works for more than 20 years. *See Tanijiri Decl.* ¶ 1; *Plaintiff's Statement of Genuine Issues* ["PSGI"] ¶ 7. From November 2001 until August 2013, Tanijiri was the supervisor of the Bureau of Engineering ("BOE"), Central District public counter A-Permit Group. *Id.*; *PSGI* ¶ 13. Currently, he is the supervisor of the B-Permit Group. *Tanijiri Decl.* Class A Permits are required to build or relocate a driveway in the City. *Id.* ¶ 2.[1] Plaintiff's claim against Tanijiri centers on his role in issuing these driveway permits for the City.

     Plaintiff wanted to construct a new driveway at the Fernwood property and he wanted the "side slope" on the west side of his driveway to be six feet long. *See Kinney Decl.* ¶ 8. Side slopes are the portion of a driveway between where cars enter a driveway and the adjoining tops of street curbs. *See Mot.* 3:10-13; *Tanijiri Decl.*, Attachment 9, at 3 (side slopes defined as "x"). On October 17, 2008, Plaintiff was issued a Class A Permit with his desired specifications. *Tanijiri Decl.* ¶ 7; *Kinney Decl.* ¶ 8. However, throughout 2009, the City revised Plaintiff's A Permit specifications, shortening the length of the west side slope. *See Tanijiri Decl.* ¶¶ 8-11; *id.*, Attachments 5-8. Kempton, with Plaintiff as her attorney, filed suit in state court regarding this side slope issue (the "curb case"). *See PSGI* ¶¶ 1-3; *Kinney Decl.* ¶ 9; *Langsfeld Decl.* ¶ 3.

     During a recess from the curb case trial, on December 17, 2009, Tanijiri learned from Peter Langsfeld, the City's attorney in the curb case, that the trial was suspended to allow Plaintiff and his client to move two utility boxes from the driveway and to give the parties an opportunity to agree about the side slope issue. *See PSGI* ¶¶ 6, 24; *Langsfeld Decl.* ¶¶ 6-7; *Tanijiri Decl.* ¶ 12. Langsfeld asked Tanijiri to ensure that no driveway permit applications would be granted to Plaintiff without their review and approval during the period of the trial suspension. *See Langsfeld* ¶ 7; *PSGI* ¶ 6. The next day, on December 18, 2009, Tanijiri created a MapNote on the BOE's internal mapping system. *See Tanijiri Decl.* ¶¶ 13-14. A MapNote is an application that allows staff to post information about properties directly onto an online map. *Id.* ¶ 14; *PSGI* ¶ 26. Tanijiri tagged a MapNote (in the shape of an X) to Plaintiff's property that stated:

     Do not issue any permits unless the permit is reviewed and approved by Wesley Tanijiri (BOE) and Peter Langsfeld (City Atty). Other district offices should refer any application to Central. See A-Permit ref. 35828 (attached).

---

claim, the court held a trial and entered judgment in favor of the City on both nuisance claims. *See id.* The Court of Appeal affirmed. *Id.* at *2-4.
[1] The portion of Plaintiff's Declaration that Plaintiff references in dispute does not contain information that actually disputes this fact. *See PSGI* ¶ 14; *Kinney Decl.* ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

*Id.* ¶ 13; *PSGI* ¶ 25.

The last record that the City has concerning an application by Plaintiff for a permit is dated March 10, 2010. *See Tanijiri Decl.* ¶¶ 15-16. In his March 10 application, Plaintiff again requested an A Permit with a six-foot westerly side slope (known as a "Case 2" slope). *Id.* ¶ 15. On March 12, 2010, Tanijiri sent Plaintiff a letter notifying him that he had revised the west side slope to three feet (a "Case 3" slope), and that Plaintiff's A Permit with a Case 3 slope could be issued once Plaintiff paid his permit fees. *Id.*; *PSGI* ¶ 27. On March 17, 2010, Plaintiff signed the permit, writing "Under Protest" above his name, and received the A Permit. *Tanijiri Decl.* ¶ 16; *PSGI* ¶ 28. Plaintiff's contractor installed the Case 3 curb under the March 17, 2010 permit. *See Kinney Decl.* ¶ 15.

Plaintiff bases his § 1983 claim on Tanijiri's denying him a six-foot Case 2 westerly side slope and his tagging the Fernwood property with a MapNote that subjects Plaintiff's permit applications to a different review process. *See id.* ¶¶ 15, 18. Tanijiri moves for summary judgment on this § 1983 claim. *See* Dkt. # 106.

II.   Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See id.* at 249-50. A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). On summary judgment, the Court may not weigh conflicting evidence or make credibility determinations. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). It must draw all reasonable inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Soremekun*, 509 F.3d at 984.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

III.  Discussion

Under 42 U.S.C § 1983, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313 (9th Cir. 1989). Because the claim is styled as Tanijiri retaliating against Plaintiff for the exercise of his First Amendment rights (prevailing in a lawsuit against the City), Tanijiri is liable to Plaintiff if (1) Tanijiri's acts "would chill or silence a person of ordinary firmness from future First Amendment activities," *see Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012) (en banc) (internal quotation marks and citations omitted); and (2) that "deterrence was a substantial or motivating factor in [Tanijiri's] conduct." *Id.* (internal quotation marks and citation omitted); *see also Sorrano's Gasco*, 874 F.2d at 1314.

Tanijiri argues that a summary judgment ruling against liability is warranted for two reasons: (1) the statute of limitations ("SOL") has run on Plaintiff's § 1983 claim arising out of Tanijiri's acts; and (2) Plaintiff has presented no evidence of retaliatory motive. *See Mot.* 7:15-10:11. The Court agrees that Plaintiff's claim is barred by the SOL; therefore, it will not reach the second argument.

Section 1983 itself does not contain an SOL. *See* 42 U.S.C. § 1983. As a result, courts borrow the state limitations periods applicable to personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In California, that limitations period is two years. *See* Cal. Civ. Proc. Code § 335.1; *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). The SOL under § 1983 "begins to run when the cause of action accrues, which is when the plaintiff[] knows or has reason to know of the injury that is the basis of [his] action." *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Knowledge of the "operative decision" that causes Plaintiff's injury triggers the SOL, not the "inevitable consequences" of that decision. *Id.* (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

Plaintiff bases his § 1983 claim on two of Tanijiri's acts or "operative decisions": (1) refusing to allow Plaintiff to install six-foot westerly side slopes for his driveway, *see Kinney Decl.* ¶ 15, and (2) marking the Fernwood property with a MapNote that subjected Plaintiff's permit applications to a different review process, *see Opp.* 3:17-21; *Kinney Decl.* ¶ 18. Tanijiri argues that a § 1983 claim based on either action is barred by the claim's two-year SOL. *See Mot.* 7:16-9:6.

A.  Denying Plaintiff's Side Slope Specifications

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

At the very latest, Plaintiff knew that Tanijiri refused to allow him to install a six-footCase 2 westerly side slope on March 17, 2010. On March 12, 2010, Tanijiri sent Plaintiff a letter indicating that the City would only approve a permit with a three-foot Case 3 westerly slope. *See Kinney Decl.*, Ex. G. A few days later, on March 17, 2010, Plaintiff signed an A Permit with a Case 3 westerly side slope, even though he wanted the six-foot slopes, and indicated that he was signing "Under Protest." *See id.* ¶ 15; *id.*, Ex. J. Thereafter, Plaintiff's contractor constructed the driveway with a three-foot westerly slope, relying on the March 17, 2010 permit. *Id.* ¶ 15. Plaintiff did not file this lawsuit until March 28, 2013, more than three years after he knew that Tanijiri had refused to permit Plaintiff's desired Case 2 side slope. *See* Dkt. # 1. Therefore, a § 1983 claim based on Tanijiri's decision not to approve a Case 2 side slope is barred by the two-year SOL.

B. <u>Placing a MapNote on Plaintiff's Property</u>

Tanijiri's other action – placing a MapNote on the Fernwood property – occurred on December 18, 2009. *See Tanijiri Decl.* ¶¶ 13-14. Plaintiff does not dispute that Tanijiri created the MapNote on that date. *See PSGI* ¶ 25. However, the significant date for SOL purposes is the date that Plaintiff became aware of the MapNote. *See RK Ventures*, 307 F.3d at 1058 (a § 1983 SOL "begins to run when the cause of action accrues, which is when the plaintiff[] knows or has reason to know of the injury that is the basis of [his] action").

Tanijiri presents evidence that demonstrates that Plaintiff saw the MapNote on March 10, 2010. In a deposition of Plaintiff taken in June of 2014, Plaintiff explained that saw the MapNote X "on a day I was trying to submit an application." *See Langsfeld*, Ex. 9. Tanijiri's attorney asked if Plaintiff submitted any other applications after he saw the "X" on the computer screen and Plaintiff responded: "No, I have not retried. I probably will go and retry just to see if the X is still there." *Id.* Thus, Plaintiff saw the MapNote on a day that he went to the City's counter to submit an application.

Tanijiri testifies that the last record that the City has concerning an application filed by Plaintiff is the March 10, 2010 application that resulted in the March 17, 2010 permit. *See Tanijiri Decl.* ¶¶ 15-16. There would be no reason for Plaintiff to return to the counter to submit another application after that date because he obtained an A Permit on March 17, 2010 and had his contractor construct the driveway according to the specifications in that permit. *See Kinney Decl.* ¶ 15.

However, Plaintiff attempts to dispute the date that he first saw the MapNote. *See PSGI* ¶ 12. Plaintiff claims that "[o]n Aug. 28, 2014, when applying for an A Permit, I discovered a 'MapNote' on the CITY permit computer screen for my property[.]" *See Kinney Decl.* ¶ 18. To

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

supplement his declaration, Plaintiff submits two photographs on the screen showing the MapNote with a viewing date of August 28, 2014 in the bottom right corner. *See id.*, Ex. K2. Where the only evidence attempting to create a genuine dispute of fact is "uncorroborated and self-serving testimony," the Ninth Circuit has refused to find a genuine issue, particularly where that self-serving testimony is contradicted by other evidence from the same speaker or a blatant contradiction by highly credible evidence. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (finding no genuine dispute where deposition testimony was uncorroborated, self-serving, and contradicted by the speaker's own prior sworn statements); *Scott v. Harris*, 550 U.S. 372, 380 (2007) (reversing denial of summary judgment based on plaintiff's assertion of facts that were contradicted by video evidence).

Here, Plaintiff's claim that he discovered the MapNote on August 28, 2014 is blatantly contradicted by Plaintiff's other statements, including a sworn deposition statement. *See Reply* 2:20-3:17. On October 18, 2013, Plaintiff filed a First Amended Complaint that made an allegation regarding "labeling KINNEY'S property in the CITY computer system(s) with a large 'X' on the computer screen." *See FAC* [Dkt. # 33] ¶ 18(f). Further, during his deposition on June 20, 2014, Plaintiff discussed how he first saw the "X" on the City's computer system when he submitted an application at some prior date. *See Langsfeld Decl.*, Ex. 9. This evidence blatantly contradicts Plaintiff's August 28, 2014 discovery date such that his declaration does not create a *genuine* dispute of fact regarding the date that Plaintiff first saw the MapNote.

Further, to the extent that Plaintiff contends that, even if he saw the MapNote in March of 2010, the SOL has not run because Tanijiri's act is a "continuing violation" because the MapNote was still up on August 28, 2014, that argument also fails. *See Opp.* 3:17-24; *Kinney Decl.* ¶ 18. Explaining the concept in a discrimination case, the Ninth Circuit stated that "[t]he continuing violations doctrine permits a plaintiff to sue for all discriminatory acts that occurred during the limitations period, even if the policy or other event giving rise to the discrimination occurred outside of the limitations period." *See The Committee Concerning Community Involvement v. City of Modesto*, 583 F.3d 690, 701. However, if the only alleged harm during the limitations period is "the continuing ill effects of the alleged past violation," rather than a discrete wrongful act, the claim is barred. *Id.* at 702 (upholding exclusion of conduct when plaintiffs only showed "ongoing harm resulting from earlier discrete decisions"). "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981). Even if Plaintiff had submitted another application and been subjected to the different standard of reviewed outlined in the MapNote, Plaintiff would not have a continuing violation based on Tanijiri's creating the note. *See Knox v. Davis*, 260 F.3d 1009, 1013-15 (9th Cir. 2001) (attorney's § 1983 claim accrued on the date the prison director withdrew her prison visitation privileges and a cause of action was not renewed each time she was denied access attempting to visit her clients at the prison because

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 14-1591 PSG (MRWx) | Date | January 28, 2015 |
|---|---|---|---|
| Title | Charles Kinney v. State Bar of California, *et al.* | | |

"mere continuing impact from past violations is not actionable") (quoting *Grimes v. City and County of S.F.*, 951 F.2d 236, 238-39 (9th Cir. 1991)). Accordingly, because Plaintiff discovered Tanijiri's act of placing the MapNote on the Fernwood property outside of the SOL period, and the continued placement of the note was only the continuing effect of Tanijiri's past act, the act is barred by § 1983's two-year SOL.

IV. <u>Conclusion</u>

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.

**IT IS SO ORDERED.**